## Nichols, Shepard & Co. *vs.* William Allen.

### November 22, 1875.

**Statute of Frauds—Guaranty—Original Promise on New Consideration.—**An agreement to answer for the debt or default of another, founded on a new and original consideration between the parties thereto, is not within the statute of frauds, and such consideration need not be expressed in writing.

**Same—Guaranty of Collection of Note—Diligence Required of Holder.—**Defendant, being the owner of a note against R., falling due January 1, 1874, transferred the same to plaintiff before maturity for a new and valuable consideration, and guaranteed its collection. The note not being paid, this action was brought on the guaranty. In addition to the above facts the complaint showed a judgment recovered against R. on the note, and docketed in Freeborn county, July 10, 1874, the issuance of an execution thereon the same day to Faribault county, and its return unsatisfied. R.'s place of residence at any time is not stated. Complaint *held* bad on demurrer.

The plaintiff (a corporation) alleges in its complaint that on August 22, 1872, one Robbins made and delivered to

defendant his two promissory notes, secured by a real estate mortgage of the same date, which notes were payable to defendant's order on or before January 1, 1874, and on or before January 1, 1875, respectively; that on March 31, 1873, the defendant, for value, sold and assigned the notes and mortgage to plaintiff by the following endorsement on each of them: "Notice and protest waived. I guarantee the collection of the within note. Wm. Allen;" that the note first due not being paid at maturity, the plaintiff foreclosed the mortgage, by advertisement, pursuant to the power of sale contained in it; that at the foreclosure sale the mortgaged premises sold for less than the amount due on the note, with costs, etc., the deficiency being $200.00, for which amount, with costs, the plaintiff recovered judgment against Robbins in the district court for Freeborn county on July 10, 1874, on which day execution on the judgment was issued to the sheriff of Faribault county, which execution was returned unsatisfied, and which judgment remains wholly unsatisfied and uncollectible from the judgment debtor.

A demurrer to this complaint was overruled by the district court for Freeborn county, *Woolfolk*, J., presiding, and defendant appealed.

*Benj. G. Reynolds*, for appellant.

*Wedge & Hibbs*, for respondent.

CORNELL, J. By a fair construction of the complaint in this case the contract of guaranty sued on was founded on a new and original consideration between the guarantor and guarantee, and is, therefore, not within the statute of frauds, which requires the consideration of every agreement to answer for the debt or default of another to be expressed in writing. *Leonard* v. *Vredenburgh*, 8 John. 29; *Mallory* v. *Gillett*, 21 N. Y. 412.

The contract sought to be enforced against the defendant is one whereby he guaranteed the collection of a certain note given by one Robbins; in other words, he undertook and promised to pay the note in case the same could not,

upon its maturity, be collected of the maker by due course of law and by the exercise of due diligence.

As appears from the face of the complaint, the note fell due January 1, 1874. Judgment was obtained against Robbins for the balance due on it, on July 10, 1874, in the district court of Freeborn county, and docketed in that county the same day. Execution was thereupon, on that day, duly issued, as is averred, to the sheriff of Faribault county, and afterwards returned unsatisfied, and it is also averred that " said judgment remains" (at the time of making the complaint, November 21, 1874,) " wholly unpaid, unsatisfied and uncollectible from said judgment debtor." It does not appear where the said Robbins resided at the time he gave the note or at any subsequent time. It does not appear when the suit was commenced in which the judgment rendered July 10 was obtained, nor is it stated that the judgment was ever docketed in Fairbault county. No facts are stated showing the insolvency of the maker of the note, nor any reason why the note was not collectible at any time after its maturity. The averment that the judgment recovered in July remained unpaid and uncollectible on the 21st day of November does not negative the fact that it could have been collected at any time prior to that month. The issuance of an execution to a county different from that wherein the judgment was rendered and docketed, and where, for aught that appears, the judgment debtor did not reside, and its return unsatisfied, is no evidence that the judgment might not have been collected, provided the execution had been properly issued to the officer of the county wherein it was docketed, or to the county where the judgment debtor resided. For these reasons the demurrer should have been sustained.

Order reversed.