S. L. SHELDON *vs*. CHAUNCEY BUTLER and another.

April 18, 1878.

Guaranty of Promissory Note by Third Party—When not within the Statute of Frauds.—A written guaranty of the collection of a note made by a third party is not void as within the statute of frauds, because the consideration thereof is not therein expressed, where such consideration arises solely out of a valid discharge by the guarantee of an obligation in his favor against the guarantor, wholly distinct and independent of the note.

This action was brought in the district court for Meeker county.

The complaint set out that during the year 1873 the defendants, Chauncey Butler and William M. Campbell, were copartners together, doing business as general dealers in agricultural implements, under the firm name of Butler & Campbell, and that the plaintiff was the general agent for Nichols, Shepard & Co. for the sale of their threshing machines in the state of Minnesota; that on June 15, 1873, the plaintiff appointed the defendants his sub-agents, for the sale of the said threshing machines, in the counties of Meeker and Kandiyohi; and that, on said day, he entered into a written agreement with the defendants, whereby he agreed to furnish the said defendants certain threshing machines manufactured by the said Nichols, Shepard & Co., and which were to be sold by said defendants, as agents of the plaintiff, in the aforesaid counties, for a certain commission upon the amount of such sales, as specified in said agreement, and such sales were to be made upon the terms and conditions in said agree-

v.24M—33

ment expressed; that the defendants also, by the terms of said agreement, promised to sell such machines to none but responsible parties; and that in case they should make a sale to a purchaser whom the plaintiff should not consider responsible, they would indorse the said purchaser's notes, or make them secure to the satisfaction of the plaintiff; that, in pursuance of said agreement, the plaintiff furnished the defendants certain threshing machines manufactured by the said Nichols, Shepard & Co., and that the defendants sold and delivered one of the same to one Jesse Hubbard and one Robert Marshall, and did take and receive in part payment therefor certain promissory notes executed by the said Hubbard and Marshall, and made payable to the order of Nichols, Shepard & Co.; that the said notes were forwarded to the plaintiff, who, not deeming the signers thereof responsible, refused to accept the same, and the said Nichols, Shepard & Co., the plaintiff's principal and payee of said notes, also refused to accept the said notes, and indorsed the same in blank, without recourse; that thereupon the plaintiff demanded that the defendants should indorse the said notes, in accordance with their aforesaid agreement, and that thereafter, December 27, 1873, the defendants entered into a further agreement in writing with the said plaintiff, wherein the said defendants promised, in consideration of the acceptance of the said notes by the plaintiff, and the crediting of the defendants for the amount of the same upon their indebtedness to plaintiff, on account of machines furnished by plaintiff, and in part payment of the same, to procure security from the makers of the notes for the payment thereof to the plaintiff, or upon failure to procure such security to indorse the said notes; that, in accordance with this last agreement, the plaintiff duly accepted the said notes, and placed the amount of the same to the credit of the defendants, upon their account with him, and also left the said notes in the possession of the defendants, in order to allow them to procure the said security for the same; that the said notes remained in the possession of

the defendants until May, 1874, when they, not having procured the aforesaid security from the makers, and in pursuance of their said agreement, indorsed each note, as follows: "The collection of the within note is hereby guaranteed. Butler & Campbell;" that they thereupon delivered the said notes, with the said guaranty indorsed thereon, to the plaintiff, and that he has ever since been and now is the holder of the same; that when the first of said notes became due payment thereof was demanded of the makers, and the same was refused; that judgment was duly obtained upon said note, and execution issued thereon, and that the latter was returned wholly unsatisfied; that the said note and judgment have not been paid, or any part of either of them; that the said Hubbard and Marshall, at the time the said notes became due, and now are, hopelessly insolvent; and that, by reason of the premises, the defendants are now indebted to the plaintiff. Plaintiff therefore demanded judgment against the defendants.

The defendants demurred to the complaint, upon the ground that it did not state a cause of action.

The court, *Brown*, J., presiding, overruled the demurrer, and the defendants appealed.

*E. A. Campbell*, for appellants.

*Strobeck & Plumley*, for respondent.

CORNELL, J. It is objected that under the statute of frauds (Gen. St. *c.* 41, title 2, § 6, subd. 2,) the contracts of guaranty sued on are void because no consideration is therein expressed. Upon the facts stated in the complaint the guaranty of the defendants as to each note, although in form an undertaking to answer for the debt or default of another, was not such, in fact, within the meaning of the statute. It had its root in a transaction and written agreement between them and the plaintiff, in which the makers of the notes had no interest, but which concerned the plaintiff and the defendants alone. Under said agreement defendants had received from the plaintiff certain threshing machines to sell on commission,

and upon certain terms and conditions, by which, among other things, they were obligated to sell to none but responsible parties, and to indorse or make secure to plaintiff's satisfaction all notes taken on sales made to persons considered irresponsible by the plaintiff.

The notes in question were received by defendants in part payment of one of the machines sold by them to the makers under this agreement. Deeming the makers irresponsible, plaintiff refused to accept the notes. Whereupon, to induce him to take them, and credit their amount on their indebtedness to him under the agreement, the defendants agreed, in writing, in consideration thereof, to procure the makers of the notes to give security for their payment, or, in default thereof, to indorse them personally to the plaintiff. Failing to obtain such security defendants guaranteed their collection, and, thereupon, plaintiff took them with such guaranty in satisfaction and discharge of the obligations of the defendants, under said written agreements, and their indebtedness to him thereunder, to the amount of the notes for threshing machines theretofore delivered. It thus appears that the contract of guaranty indorsed upon both notes was supported by a valid consideration beneficial to the defendants, and proceeding to them directly from the plaintiff. The leading purpose of the defendants in making it was to promote their own interest by obtaining a discharge from a then existing liability to the plaintiff, and not simply to become sureties upon the notes for the benefit of the makers, or at their request. Their promise in each case was an original one, as distinguished from a purely collateral undertaking, founded upon a valid consideration, moving solely from the plaintiff to them, and wholly distinct and independent of the notes to which the guaranty related, and it was, therefore, not within the statute of frauds. Though it had rested entirely in parol it would not therefore have been invalid. *Nichols* v. *Allen,* 22 Minn. 283; *Leonard* v. *Vredenburgh,* 8 John. 23; *Farley v. Cleveland,* 4 Cow. 432; 9 Cow. 639; *Johnson* v. *Gilbert,* 4 Hill, 178; *Brown* v. *Cur-*

*tiss*, 2 N. Y. 225; *Cardell* v. *McNiel*, 21 N. Y. 336; *Mallory* v. *Gillett*, 21 N. Y. 412; *Thomas* v. *Murray*, 32 N. Y. 605; *Nelson* v. *Boynton*, 3 Met. 400.

The complaint contains no allegation that plaintiff acted in his capacity as agent of Nichols, Shepard & Co. in making either of the contracts with the defendants. The disconnected averment in the forepart of the pleading, that he was the general agent of that firm for the sale of their threshing machines, is, therefore, an immaterial one, and irrelevant to any cause of action therein stated.

The facts stated show that the plaintiff is the lawful owner of the notes and demands in suit. Though Nichols, Shepard & Co. are named as payees in the notes they never accepted them, but refused to do so. Their indorsement of them without recourse, under the circumstances as stated in the complaint, cannot be construed into an admission of ownership. Its sole purpose and effect was to vest in the real owners the apparent as well as the absolute legal title to the notes, so that they could be used as negotiable paper, and the indorsement was a mere formal one to that end.

The order overruling the demurrer is affirmed.