FRANK I. CRANE vs. HENRY WHEELER.

Submitted on brief Jan. 4, 1892. Decided Jan. 25, 1892.

Practice in Insolvency Proceedings.—In an appeal under Laws 1881, ch. 148, § 8, by a creditor in insolvency proceedings, from the assignee's disallowance of his claim, the matter is to be tried by the court without reference to what proofs may have been offered to the assignee.

Guaranty—When within Statute of Frauds.—The guaranty of the debt of another, assigned at the same time by the guarantor, when the purpose is to thereby pay or satisfy a claim of the guarantee against the guarantor, is not within the statute of frauds.

Guaranty of Collection—Diligence.—A guaranty of collection is a contract by the guarantor to pay the debt if the guarantee cannot by due diligence collect it.

Diligence—Excused, when.—Ordinarily the guarantee must, in an action on the guaranty, show that he promptly brought suit, and diligently prosecuted it to a return of execution, or show that by reason of the principal debtor's insolvency a suit against him would have been fruitless.

Appeal by Frank I. Crane, assignee of Wilkins & Smith, from an order of the district court, Mower county, *Farmer*, J., made August 15, 1891, refusing a new trial.

W. T. Wilkins and Fay R. Smith were, in 1882, partners doing a private banking business at Austin, Minn. Henry Wheeler left money with them, and instructed them to loan it out for him on mortgage and indorsed notes. They loaned $1,500 of Wheeler's money to Jonathan Gregson, June 5, 1882, for one year, and took as security Gregson's note, without indorser, and a third mortgage on his flouring mill, near Austin. Wheeler resided at Erie, Pa. He came out to Austin in 1883, and, being shown the note, found fault with Wilkins & Smith for taking inadequate security in violation of his previous instructions. They then promised him that they would see that the note was paid. Gregson, however, failed to pay, and on July 2, 1885, Wilkins & Smith, in consideration of the circumstances, wrote upon the back of the note, and signed and delivered to Wheeler, the guaranty of collection set out in the opinion.

Afterwards, on June 19, 1886, Wilkins & Smith made an assignment of all their property to Frank I. Crane for the benefit of their creditors, under Laws 1881, ch. 148. Wheeler brought suit against Gregson on the note, and on October 18, 1886, obtained judgment against Gregson thereon for $1,963.20. A writ of execution was issued February 16, 1887, and on the same day the sheriff returned it wholly unsatisfied. Wheeler then presented to Crane, the assignee, his claim upon the guaranty for allowance against the estate of Wilkins & Smith. Wheeler being absent from the county, the statement of claim was sworn to by Lafayette French, his attorney.

The assignee disallowed the claim on August 20, 1889, and gave the claimant notice thereof. Wheeler appealed to the district court, and the case came on for trial, September 19, 1890. The assignee moved to dismiss the appeal, because the statement of claim was not sworn to by Wheeler in person. This motion the court overruled, and the assignee excepted. It was admitted that Gregson was insolvent in 1886 and 1887. No formal pleadings were framed upon the appeal, but the case was tried in the district court upon the statement of claim and the disallowance thereof. The court found that Wilkins & Smith guarantied the collection of Gregson's note for a valuable consideration moving from Wheeler to them, and that it was not within the statute of frauds, and ordered that the claim be

allowed against the insolvent estate. The assignee moved for a new trial, and, being denied, he appealed to this court.

*Kingsley & Shepherd,* for appellant.

The motion to dismiss the appeal should have been granted. By 1878 G. S. ch. 41, § 28, an assignee of an insolvent estate is absolutely prohibited from paying any claim or demand of a general creditor against such estate, unless the same is first verified by the oath or affirmation of the creditor making the claim. By Laws 1881, ch. 148, § 7, the foregoing is made applicable to assignments under the latter act. There should have been an issue raised in some form; it is a civil action, and requires pleadings. If not an ordinary civil action, an issue is raised on the proceedings, which serves as a substitute for pleadings.

On its face, the guaranty was a promise to answer for the debt, default, or doings of another, and, no consideration being expressed, it was void under the statute of frauds. 1878 G. S. ch. 41, § 6, subd. 2. We concede that if the promise was for a valuable consideration, moving solely from claimant to Wilkins & Smith, wholly distinct and independent of the note, then the promise would not be within the statute; or if the promise was in effect to pay their own debt in a particular way, though it incidentally paid the debt of Gregson, it would not be within the statute. The question is whether the guaranty was an original or collateral undertaking. If it was collateral, then the writing must, to bind the guarantor, express a consideration. *Walker* v. *McDonald,* 5 Minn. 455, (Gil. 368;) *Moor* v. *Folsom,* 14 Minn. 340, (Gil. 260;) *Wilson Sewing-Machine Co.* v. *Schnell,* 20 Minn. 40, (Gil. 33.)

There is no finding that Gregson was insolvent prior to October 8, 1886. There is nothing to show that the note could not have been collected from Gregson after July 2, 1885, and prior to October 8, 1886. On the trial it was admitted that Gregson was insolvent in 1886 and 1887. No diligence was shown nor any effort made to collect the note until October, 1886. The undertaking on the part of Wilkins & Smith was to pay if payment could not, by due and reasonable diligence, be obtained of Gregson. *Nichols* v. *Allen,* 22 Minn. 283; *Brackett* v. *Rich,* 23 Minn. 485.

*French & Wright,* for respondent.

The statute contemplates a trial *de novo.* Where a statute confers the right of an appeal, but is silent as to how the cause shall be tried in the appellate court, the fair implication is that there is to be a new trial. *Vroman* v. *Dewey,* 22 Wis. 323.

The effect of the appeal is to transfer the entire case, not merely for review, but also for trial. *Davis' Appeal,* 39 Conn. 401; *Kelly* v. *Settegast,* 68 Tex. 13.

No pleadings are provided for. The presentation of the claim to the assignee is equivalent to the commencement of an action on it. An issue is raised by resisting its allowance.

It was competent to show by parol evidence the consideration for the guaranty. *Baldwin* v. *Dow,* 130 Mass. 416.; *Nichols* v. *Allen,* 22 Minn. 283; *Osborne* v. *Baker,* 34 Minn. 307; *Barker* v. *Bradley,* 42 N. Y. 316.

The contract of guaranty indorsed upon the note was supported by a valid consideration, beneficial to the insolvents, and proceeding to them directly from the plaintiff. The leading purpose of the insolvents in making it was to promote their own interest by obtaining a discharge from a then existing liability to the plaintiff, and not simply to become sureties upon the note for the benefit of the maker or at his request. It was therefore not within the statute of frauds. *Sheldon* v. *Butler,* 24 Minn. 513; *Nichols* v. *Allen,* 22 Minn. 283; *Cardell* v. *McNiel,* 21 N. Y. 336.

It is said by counsel that there is no finding that Gregson was insolvent prior to October 8, 1886; and for the first time in the history of these proceedings the counsel now makes the claim that it does not affirmatively appear from the record that the note could not have been collected, after the guaranty, by the use of due diligence. On the trial the appellant made no such claim, or in his argument in the court below, and it would seem that the contention ought not to be permitted at this late date in the case.

GILFILLAN, C. J. In the insolvency proceedings Wheeler filed his petition, verified by his attorney, setting forth his claim against the insolvents. The assignee disallowed the claim, and the claimant appealed to the district court. Upon such appeal the claim is to be

tried as other civil actions. Laws 1881, ch. 148, § 8. When the appeal came on for trial the assignee objected to evidence being offered to prove the claim on about this proposition, as near as we can tell from the statement of the objection in the settled case and from the brief: That the court is to hear the appeal only upon such proof of the claim as was offered before the assignee, and, if none was offered before him, then none can be received by the court. There is nothing in the statute to suggest such an idea. No trial except upon an appeal is contemplated. The claim was based upon the insolvent's guaranty of a promissory note. The facts found by the court and the evidence fully sustained the findings, stating such facts briefly, they are: That in June, 1882, Wheeler left with Wilkins & Smith, to loan for him, a sum of money, with instructions to make no loan except upon security of first-class real estate, and paper indorsed by good indorsers. That, contrary to such instructions, they, in said June, loaned of said money $1,500 to one Gregson, taking his note therefor, payable to said Wheeler in one year. Afterwards, when informed they had made said loan to Gregson, Wheeler stated to them that he should look to them for the money they had loaned contrary to his instructions, and they agreed to be responsible for the same, as though they had borrowed the money, and to pay the note in case Gregson made default in payment; and they thereupon wrote and signed this guaranty on the note: "We hereby guarantee the collection of the within note. June 2, 1885." The note seems, up to that time, to have been in the possession of Wilkins & Smith. The question mainly argued in the case is, does the guaranty come within the statute of frauds, so as to be void because it does not express the consideration? In form, at least, it is a promise to answer for the debt or default of another. The form, however, is not decisive; for where the leading purpose of the promise is not to become surety for another, not for the benefit in any way of such other, but to promote the interest, to effect some purpose, of the promisor, independent of the debt or contract guarantied, as where it is to enable the guarantor to transfer the debt or contract, (*Nichols* v. *Allen*, 22 Minn. 283; *Wilson* v. *Hentges*, 29 Minn. 102, 12 N. W. Rep.

151,) or to satisfy or discharge an obligation resting on himself, (*Sheldon* v. *Butler*, 24 Minn. 513,) it is, notwithstanding its form, and although it incidentally guaranties the debt of another, regarded as an original, and not a collateral, undertaking, and so not within the statute of frauds. This case cannot be distinguished from *Sheldon* v. *Butler*. The insolvents had misappropriated Wheeler's money, and they were liable to him for it. If he could be induced to accept the Gregson note, and thus ratify what they had done, it would discharge their liability. To induce him to do it they guarantied the note. Under the circumstances, the guaranty, while in form a promise to answer for the default of another, was in fact and in substance a promise to pay and discharge their own liability if Wheeler could not collect it from Gregson. The claimant must stand on the terms and nature of the guaranty. It is a guaranty of collection, *i. e.*, that the note is collectible. The condition of the guarantor's liability is that the creditor shall be unable to collect the debt, he using due diligence. Ordinarily, in such cases, due diligence requires of the creditor to promptly bring suit, and diligently prosecute it to the return of an execution. There may be circumstances that will excuse omission to bring suit,—as, if the principal debtor be insolvent, so that a suit against him would be fruitless; or if the guarantor should waive the use of diligence. The only effort which the court finds the claimant made to collect the debt from Gregson was that September 20, 1886, he brought an action against him, in due time recovered judgment and issued execution, which was returned unsatisfied. The note was past due when the guaranty was made, so that there was a delay of nearly 15 months before suit was brought. No fact is found to excuse this delay. The court found that since October 8, 1886, Gregson has been insolvent, but that, of course, would not excuse the prior delay. Whether the question of due diligence in such cases be one of law or of fact, or a mixed question of law and fact, an unexplained delay of nearly 15 months in bringing suit makes a case of omission to use due diligence. *Moakley* v. *Riggs*, 19 John. 69; *Kies* v. *Tifft*, 1 Cow. 98; *Penniman* v. *Hudson*, 14 Barb. 579; *Craig* v. *Parkis*, 40 N. Y.

181. For failure of claimant to show due diligence to collect from Gregson, or to show any excuse for omitting it, there must be a new trial.

Order reversed.

(Opinion published 50 N. W. Rep. 1033.)

