CHARLES E. BEAN v. URI L. LAMPREY.[1]

January 23, 1901.

Nos. 12,450—(218).

**Statute of Frauds—Defense—Pleading.**

> The defense of the statute of frauds is not waived if not pleaded. It is sufficient for the defendant to deny the alleged promise, without making any reference to the statute. The plaintiff must then establish the alleged promise by legal evidence. If, however, the answer admits the promise, it must also plead the statute, or it is waived.

**Finding not Sustained by Evidence.**

> *Held,* that the finding of the trial court to the effect that the defendant assumed and promised to pay the plaintiff for services rendered to another is not sustained by evidence satisfying the statute of frauds.

Action in the municipal court of St. Paul to recover for medical services rendered for defendant's daughter. The case was tried before Hine, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Henry C. James,* for appellant.

*Munn & Thygeson,* for respondent.

[1] Reported in 84 N. W. 1016.

START, C. J.

The original complaint herein was to the effect that between April and December, 1897, the plaintiff, a physician and surgeon, at the request of the defendant, performed and rendered professional services for the daughter of the defendant, who was a member of his household, of the reasonable value of $387, no part of which has been paid, except the sum of $100. The answer was, so far as here material, in legal effect, a general denial.

The cause was tried by the court without a jury, and on the trial the plaintiff was permitted to amend his complaint by inserting after the words, "three hundred and eighty-seven dollars," the further allegation, "and said defendant assumed, promised, and agreed to pay for the same." Thereupon the defendant moved that the plaintiff elect upon which cause of action set up in the complaint he would stand, and that he be required to rely upon the cause of action contained in the complaint, that the services were done at the defendant's request and were worth the amount charged, or that the services were performed for another, and that the defendant "assumed and promised to pay for the same." The court directed the plaintiff to so elect, and he elected to rely upon the cause of action that the services were performed for another, and that the defendant "assumed and promised to pay for the same," and that whatever claim rested upon the theory of a quantum meruit was eliminated.

The findings of fact of the trial court were, as amended, to the effect that the plaintiff rendered professional services at the time and of the value alleged in the complaint to the defendant's daughter, who was then a member of his household, and twenty-three years of age; that the defendant assumed, promised, and agreed to pay for such services, but has not, except that he paid $100 thereon February 3, 1898. As a conclusion of law, the court directed judgment for the plaintiff for the balance of his claim, and the defendant appealed from an order denying his motion for a new trial.

It is obvious, from the complaint and the findings, that the defendant's alleged liability was based, not upon any request on his part to the plaintiff for the performance of the services, or any

82 M.—21

promise, express or implied, made before performance to pay for them, if rendered, but upon the claim that they were rendered "for another, and that the defendant assumed and promised to pay for the same." Hence the plaintiff, unless there was a promise by the defendant, based upon a new consideration personal to him, to pay the claim, was bound to show a promise by the defendant, in writing, to assume and pay the debt, in order to maintain this action. The plaintiff claims that a promise based upon such a consideration was shown on the trial. If this be so, it would follow that the promise would be an original one, and not within the statute of frauds. The specific contention of the plaintiff on this question is that a former action was pending against the defendant to recover the claim here in suit, and that the defendant promised that if that action was dismissed, and the time of payment extended, he would pay the claim, and that the action was dismissed, and the time of payment extended. If the evidence supports this contention, the statute of frauds is eliminated from the case. Hodgins v. Heaney, 15 Minn. 142 (185); Nichols, Shepard & Co. v. Allen, 22 Minn. 283; Sheldon v. Butler, 24 Minn. 513.

There is no evidence, however, in the record to sustain a finding that the defendant promised to pay the balance of plaintiff's claim if the former action was dismissed and time of payment extended. The evidence as to the dismissal of the suit is as follows:

"Q. Mr. Lamprey sets forth in his answer that a suit was begun by one Diamond on this claim? A. Mr. Diamond is my collector, has been my collector for a few years, and the amount of the bill was assigned to him for the purpose of suit; that was all. * * * Mr. Diamond brought the suit. Q. And did you see Mr. Lamprey after that? A. Yes, sir. Q. And [you] say he paid you $100? A. He paid me $100 then, and I agreed to a dismissal of the suit on payment of $100. Q. You agreed to procure a dismissal of the suit on payment of $100? A. Yes, sir. Q. Did you do so? A. Yes, sir. Q. That is the credit of $100? A. Yes, sir; that is the credit of $100. Q. And you took an assignment of the claim back to yourself? A. Yes, sir. Q. And had the action dismissed? A. Yes, sir. Q. You began a suit in the district court in your own name? A. Yes, sir."

It is clear that the only promise made by the defendant in

consideration of the dismissal of the suit was the promise to pay $100, and that he kept that promise. It is true that the evidence shows defendant repeatedly promised verbally to pay the claim, and that ethically he ought to do so, but such promises had no connection with the dismissal of the former action. No action can be maintained on such verbal promises, in view of the allegations of the amended complaint, and the election made by the plaintiff on the trial, unless the defendant waived the defense of the statute of frauds, as the trial court held.

Whatever may be the rule elsewhere, it is the settled law of this state that the defense of the statute of frauds is not waived, if not pleaded. It is sufficient for the defendant to deny the alleged promise without making any reference to the statute. It is then necessary for the plaintiff to establish the promise by competent evidence which will satisfy the statute of frauds. But, if the answer admit the alleged promise or agreement, the defendant waives the benefit of the statute, unless he pleads or claims the benefit of it in connection with the admission. Tatge v. Tatge, 34 Minn. 272, 274, 25 N. W. 596, 26 N. W. 121; Fontaine v. Bush, 40 Minn. 141, 41 N. W. 465; Iverson v. Cirkel, 56 Minn. 299, 57 N. W. 800. It follows that the defendant did not waive the statute by not pleading it, and that the plaintiff failed to prove the alleged promise of the defendant to pay the debt by any competent evidence, and that the finding of the court that he did so promise is not supported by any legal evidence, for no claim is made that the promise was in writing.

It is also urged that no objection was made by the defendant to the admission of the oral evidence to prove the promise. The record shows that the evidence was objected to as "incompetent, immaterial, no foundation laid, and not admissible under the pleadings," to which was added the statement that "in these objections is embodied the theory that plaintiff * * * cannot recover on that branch of his complaint which alleges that defendant 'assumed and agreed to pay' without showing a writing from defendant to that effect complying with the requirements of the statute." If an objection to the admission of the oral evidence to prove the alleged promise was necessary in order to enable the

defendant to raise the question that the finding was not supported by any legal evidence, the objection taken, though in form not to be commended, must be held sufficient.

Order reversed, and a new trial granted.