OLE OLSON v. JOHN JOHNSON.[1]

November 15, 1901.

Nos. 12,771—(65).

**Verdict Sustained by Evidence.**

Evidence in this case considered, and *held* sufficient to support the verdict.

Appeal by defendant from an order of the district court for Clay county, Baxter, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Chas. S. Marden,* for appellant.

*C. A. Nye,* for respondent.

LOVELY, J.

Plaintiff, a farmer living near Averill, sold two loads of flax to the Minnesota & Western Elevator Company, doing business at that place, for which defendant, a merchant, paid checks issued in the usual course of such business. Plaintiff, after delivering his flax, received from the agent at the elevator two checks, which he took to the defendant, receiving from him a sum of money which he insists was $100 less than the amount he was entitled to have. Plaintiff claims to have been unable to read or understand the contents of the checks; that by reason of his ignorance and lack of information at the time, he accepted $194.10 as the purchase

[1] Reported in 87 N. W. 937.

price of his flax, when he should have been paid $294.10, for which sum he receipted. He brings this action, for money had and received, to recover the $100 which he alleges defendant wrongfully retained. This claim was disputed in the answer and also by the defendant at the trial, where a clean-cut issue of fact between the parties upon the evidence was presented, and disposed of by a verdict for the plaintiff, which is challenged upon the sole ground that it is not justified by the evidence.

We are unable to make any exception to the uniform doctrine prevailing in this court, that the only test to be applied to the verdict upon issues of fact is whether there is evidence reasonably tending to support it. We have no doubt that there was such evidence in this case. The learned counsel for appellant justifies this appeal upon the ground that in the memorandum of the trial court it is stated that its first impression was that the verdict was not justified by the evidence, but, upon reading over the same as stated in the settled case, the court has changed its opinion. In that respect we must say it is not unusual or improper for courts to correct first impressions by maturer judgment, upon reflection, and we think it wise to do so. At all events, such a course furnishes no good reason for reversing the order appealed from.

Order affirmed.