HULDAH J. CONRAD v. A. D. CLARKE.[1]

January 8, 1909.

Nos. 15,881—(152).

**Original Promise.**

Defendant, in consideration that plaintiff would continue in the service of a certain corporation in the success of which he was financially interested, promised and agreed to pay her the compensation to become due for her work, in reliance on which plaintiff continued in the employment. *Held* an original, and not collateral, undertaking by defendant.

**Verdict Sustained by Evidence.**

The questions whether the promise was made and whether plaintiff relied thereon and extended credit to defendant were properly submitted to the jury, and the evidence sustains their verdict.

**Promissory Note—Accommodation Note a Defense.**

The defense that a promissory note was made without consideration and given as an accommodation to the payee, to be used by him in raising funds to conduct his business affairs, is available to the maker in all cases where an action thereon is brought by the payee.

**Same—Does Not Vary Terms of Contract.**

Such defense, when the action is between the original parties, does not vary or contradict the terms of the contract, within the rule applicable to that branch of the law.

Action in the district court for Ramsey county. The character of the action and of the defense is stated in the opinion. The case was tried before Kelly, J., and a jury which returned a verdict in favor

[1] Reported in 119 N. W. 214, 482.

of plaintiff for $554.23. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Benton, Molyneaux & Morley,* for appellant.

*Wm. H. Oppenheimer,* for respondent.

A promise to pay for services rendered to a third person at the promisor's request is an original undertaking and not within the statute of frauds. Sinclair v. Bradley, 52 Mo. 180; Brown v. George, 17 N. H. 128; Lyons v. Daugherty (Tex. Civ. App.) 26 S. W. 146. One may have two parties liable to him on one debt, yet give credit to one alone. Crane v. Wheeler, 48 Minn. 207.

A promise to pay the debt of another is not within the statute of frauds and need not be in writing, if based upon a valuable consideration independent of the original debt, and is to subserve the interests of the promisor. Cross v. Richardson, 30 Vt. 641; Fitzgerald v. Morrissey, 14 Neb. 198; Johnson v. Knapp, 36 Iowa, 616; Allen v. Thompson, 10 N. H. 32; Emerson v. Slater, 22 How. 28; Davis v. Patrick, 141 U. S. 479.

BROWN, J.

Action to recover $546.49, an amount claimed by plaintiff to have been earned by her while in the employ of the Fred C. Genge Company, a corporation, and which she alleges defendant orally agreed and promised to pay, in consideration that she would remain in the service of the company. Defendant's answer put in issue the alleged promise, and interposed a counterclaim, based upon a promissory note theretofore made and delivered to him by plaintiff in the sum of $2,000. To this counterclaim plaintiff replied, admitting the making and delivery of the note, but alleging that it was wholly without consideration, and so made and delivered to defendant as an accommodation. Plaintiff had a verdict in the court below, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

The assignments of error are reduced in appellant's brief to five distinct contentions: (1) That the promise upon which plaintiff relies for recovery was collateral to the obligations of the corporation, and

void under the statute of frauds, because not in writing; (2) that the evidence offered by plaintiff for the purpose of showing that she received no consideration for the note, the basis of defendant's counterclaim, that it was made solely for the use and accommodation of defendant, varied the terms of the note, and was therefore inadmissible; (3) that the evidence did not show a want of consideration, or (4) that the note was accommodation paper; and (5) that the evidence shows that plaintiff's wages were fully paid before the commencement of the action. Only the first two of these questions require special mention. If the evidence offered for the purpose of showing a want of consideration and that the note was accommodation paper was admissible, it was ample to take the question to the jury, and the record presents no reason for disturbing their conclusion. The fifth point, that plaintiff's claim has been paid, was not an issue under the pleadings, nor was it litigated on the trial. It is not, therefore, entitled to consideration on this appeal.

1. We come, then, to the first of defendant's contentions, viz., that the promise relied upon by plaintiff was collateral, and void under the statute of frauds, because not in writing. The facts controlling this question are as follows:

Plaintiff had for some time been in the employ as bookkeeper and confidential office manager of the F. C. Genge Company, a copartnership engaged in the manufacture of furniture. The firm had become indebted to a bank in the sum of $42,000 and was apparently not overprosperous. In August, 1905, defendant guaranteed the payment of this indebtedness and became interested in the success of the firm and its business. In February, 1906, a corporation was formed under the name of Fred C. Genge Company. which took over the entire business and affairs of the firm. Defendant was still interested under his guaranty of payment in the success of the new concern, and in a substantial way aided in the conduct of its affairs. At the time of the formation of the corporation, plaintiff having had some difficulty in obtaining her salary from the old firm, informed defendant of the fact and announced that she intended to leave and obtain employment elsewhere. Whereupon defendant, who was familiar with plaintiff's position and her qualifications for the particular work, promised that, if she would remain with the new company and continue her work,

he personally would pay her the salary she was entitled to. Upon the strength of this promise, and in reliance thereon, plaintiff continued in the service of the corporation.

While there is a controversy in the evidence on the subject of defendant's promise, it is amply sufficient to sustain the jury in finding the facts as outlined; from which, within our decisions and the authorities generally, there is no question but that defendant's promise was an original one, and not collateral, unless plaintiff in fact extended credit to the corporation, and not to defendant. Maurin v. Fogelberg, 37 Minn. 23, 32 N. W. 858, 5 Am. St. 814; Crane v. Wheeler, 48 Minn. 207, 50 N. W. 1033; Nichols, Shepard & Co. v. Allen, 23 Minn. 283; Sheldon v. Butler, 24 Minn. 513; King v. Franklin Lumber Co., 80 Minn. 274, 83 N. W. 170; Bean v. Lamprey, 82 Minn. 320, 84 N. W. 1016; Schmitt v. Murray, 87 Minn. 250, 91 N. W. 1116. There is evidence tending to show that she solely relied upon defendant for payment of her compensation, and the question whether she gave credit to the corporation or to defendant was properly submitted to the jury. The mere fact that she was employed by the corporation and charged her salary to it on the books, or that she made efforts to collect from the corporation, is not conclusive that she gave it credit in whole or in part. Defendant had interests to protect by a continuance of the business of the corporation, and to further his interests and protect them he urged plaintiff to continue in the work, with which she was fully familiar, and the jury was amply justified by the evidence in finding, not only his promise to pay, but her exclusive reliance thereon for her compensation.

2. Was parol evidence admissible to show that the promissory note, the basis of defendant's counterclaim, was without consideration and made for the accommodation of defendant? We answer the question in the affirmative. The note was given and payable to defendant, and he presents it as a claim against plaintiff. The controversy is therefore between the original parties, and the defense interposed by plaintiff is, within all the authorities, available to her. Ruggles, Nourse, Mason & Co. v. Swanwick, 6 Minn. 365 (526); Turle v. Sargent, 63 Minn. 211, 65 N. W. 349, 56 Am. St. 475; Pray v. Rhodes, 42 Minn. 93, 43 N. W. 838. The question would be en-

tirely different had the note passed into the hands of an innocent third person. Rea v. McDonald, 68 Minn. 187, 71 N. W. 11.

That the note was given to defendant without consideration and to enable him to make use of it to secure funds to conduct the business of the corporation is fully disclosed by the evidence. Plaintiff signed this and other notes, and defendant gave her money to be used in the affairs of the corporation, and it stands admitted on the record that the whole thereof was expended for the uses and purposes of the concern. She received no part or portion thereof for her personal use. The case is unlike Dickson v. Harris, 60 Iowa, 727, 13 N. W. 335, cited by appellant. There was no question in that case but that the maker of the note there in suit received the amount thereof in money from the payee. When sued he attempted to impeach the writing by evidence that it was intended as a receipt for money which he, the maker, received and agreed to pay over to a creditor of the payee's son. The court held the evidence inadmissible. Such is not this case. Here plaintiff, the maker, received no money whatever for the note. The money given her was in her capacity as secretary of and for the purposes and uses of the company. Higgins v. Ridgway, 153 N. Y. 130, 131, 47 N. E. 32. Had she applied any part of it to her personal use, she would have been guilty of a misappropriation of trust funds committed to her charge. Nor does the fact that the note in suit was a renewal of a former note change the situation; the rights of the original parties being alone involved. The evidence supports the findings of the jury. We discover no error in the record.

Order affirmed.

On February 9, 1909, the following opinion was filed:

PER CURIAM.

Counsel for appellant in an application for a rehearing complain that the court has assumed the presence of evidence in the record that is not in fact found therein. We stated in the former opinion that there was evidence tending to show that plaintiff relied solely upon defendant for payment of her compensation. Counsel say that in fact there is no such evidence in the record. The action was tried some time ago and the pressure of other engagements has undoubtedly deprived counsel of the opportunity to examine closely the printed

record, and the following testimony, found on page 112 of the paper book, has escaped their recollection. The following question to plaintiff and her answer are there recorded: "Q. Did you, in staying and working for the Fred C. Genge Company, Incorporated, state whether or not you did so in reliance upon the promise you have testified Mr. Clarke made to you? A. I did."

We also stated in the opinion that the evidence fully disclosed the fact that the note, the basis of defendant's counterclaim, was given by plaintiff without consideration and to enable defendant to make use of it to secure funds to conduct the business of the corporation. Counsel challenge this statement by the assertion that there is not a syllable of evidence to support it. Again they have overlooked the evidence printed in the record. Plaintiff had given defendant several promissory notes prior to the date on which the one in suit was given, which were offered in evidence and marked Exhibits A to G inclusive. The note in suit was a renewal note. As to the original notes, plaintiff gave the following, among other, testimony (page 106 of the paper book): "Q. Will you explain if there was any reason why this note was signed H. J. Conrad, instead of Huldah J. Conrad? A. Why, it was because Mr. Clarke told me to sign H. J. Conrad, that he could use a note in that way better than he could if it was signed Huldah J. Conrad."

Witness Dobner, who was present at the time the original notes were signed, testified in reference to the conversation between the parties at the time as follows (page 97 of the paper book): "Q. What was the conversation? A. I will do the best I can, and that is all I can do. They were all talking about these notes; Mr. Clarke and Mr. Benton and Miss Conrad also at the time when the notes were to be signed, Miss Conrad was called in. She had been in and out during the entire day, but not taking any very active part in the transaction, and it was stated, and I don't know by whom, but in the presence of all of us and in the hearing of all of us, as my recollection is, that this matter of Miss Conrad's signature was—well, an accommodation to Mr. Clarke so that he could use the notes. I am not saying this is the exact conversation. And the reason for it was that he had had so many of Genge's notes, and that everywhere where he did business Genge's name was known and it was known also that

he didn't take care of his paper, and that there must be some other name on the paper. Now, that is the best I could remember of it; I didn't charge my mind with it."

This, as stated, had reference to the original notes, but plaintiff testified concerning the note in suit, as follows: "Q. What formed the basis of your signature,—of the consideration for your signature to this note? A. Mr. Clarke stated that he could use the note with two signatures better than he could with one, and he wanted the notes to be used. * * * Q. I will ask you if your signature to this note, defendant's Exhibit 1 (the note in suit) was based upon the notes, plaintiff's Exhibits A to G inclusive, or not? A. It was, yes. Q. Did any other consideration pass to you for your signature on defendant's Exhibit 1 other than as a renewal of plaintiff's Exhibits A to G inclusive? A. It did not."

The original notes were signed by plaintiff alone, but the renewal note, that in suit, was signed by her and also by the corporation Fred C. Genge & Co. and by Fred C. Genge. If the note thus signed was not to be used in the affairs of the corporation, we are at a loss to understand why it was executed in this particular form. The record furnishes no suggestion that the commercial paper of the corporation was being devoted to the private affairs of Clarke. That it was negotiated by Clarke appears from the indorsements thereon.

From what has been said it seems quite clear that the statements of the opinion challenged by the counsel are fully sustained by the record. It tends to show that plaintiff relied upon Clarke for her compensation, and that the notes were to be used in the affairs of the corporation. Whether the evidence expressed the truth was of course for the jury to say. When the notes were given Clarke paid over to plaintiff certain sums of money, but it was expressly admitted on the trial that every dollar of it was used for the purposes of the corporation.

It is not usual to follow an application for rehearing with an additional opinion, but in view of the positive character of the one here before us, and the fact that counsel are evidently laboring under an honest mistake as to the contents of the record, we depart from the general practice for the purpose of removing any doubt respecting the conclusion announced in the former opinion.

Petition for rehearing denied.