## MAX L. SHALLECK v. RUDOLPH W. MUNZER.[1]

February 28, 1913.

Nos.17,928—(210).

**Accommodation note — answer states good defense.**

An answer to a suit on a promissory note examined, and *held* to state a valid defense of want of consideration and that the instrument is an accommodation note as between the real parties to the action.

Action in the district court for Hennepin county to recover $558.33, the amount of interest accrued upon a promissory note from

[1] Reported in 140 N. W. 111.

its date. The substance of the answer to the amended complaint is stated in the opinion. The reply denied the allegations summarized in the opinion. The case was tried before Steele, J., who sustained an objection to the introduction of testimony by defendant, on the ground that the answer did not state a defense. The court made findings and ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, he appealed. Reversed.

Kerr, Fowler, Ware & Furber, for appellant.

Fred W. Reed and Fifield, Fletcher & Fifield, for respondent.

HOLT, J.

Plaintiff sued to recover the interest on a $10,000 promissory note. On objection made the court refused to receive any evidence in support of the defense pleaded. And that presents the only error on this appeal, which is from an order denying a new trial.

The facts alleged in the answer are, in brief, these: That defendant made the note and a writing annexed to the answer, signed also by plaintiff, at the request of and for the accommodation of one Fischman, who was then plaintiff's client; that Fischman wanted to purchase $10,000 worth of stock in a trading corporation, the Philipsborn, but desired to have instruments in writing in existence which would disguise the fact that he was such purchaser; that to carry out that object, and solely for his own accommodation, Fischman procured defendant to make the note and the writing named, wherein is recited that plaintiff has made a loan of $10,000 to defendant and that defendant has given his note to plaintiff therefor, and that defendant was to deposit $10,000 worth of stock in the Philipsborn corporation as security for the payment of the note, the loan being made expressly to buy this stock, and providing that, in case of inability to buy the stock, the $10,000 should at once be refunded. It is also averred that defendant agreed to accommodate Fischman, and assist him to purchase the stock in the manner proposed by him, and in pursuance of such understanding defendant, at the request of Fischman, on October 22, 1909, executed the note sued on and the writing mentioned, whereupon Fischman gave defendant $10,000 to purchase said stock for him, and defendant complied

with the request and bought and delivered the stock to Fischman; and that on October 1, 1910, at the request of Fischman, defendant sold the stock so as aforesaid bought, and received $10,000 therefor, which he delivered to Fischman. It is alleged that plaintiff was named payee at the request of Fischman, but was only nominally such, and that the transaction and the instruments mentioned were not intended by either of said three persons mentioned to be of any operative effect, but merely a pretense; that there never was a loan of money from either Fischman or plaintiff to defendant; and that the note and writing were wholly without consideration.

Under the allegations of the answer plaintiff is a mere figurehead, the alter ego of Fischman. To carry out the latter's behest, plaintiff consented to be named payee in a note and a party to a writing, but he had or has no personal interest in either. Defendant obtained no benefit from the transaction, nor did plaintiff, save as he represented his client. The money was Fischman's, the stock was bought for him, it was sold for him, and he received the consideration. The papers, whether a mere sham or representing a legal transaction, were executed for his accommodation.

As long as a promissory note is in the hands of the person for whose accommodation it was made, the accommodation maker has a right to withdraw his obligation; in fact, it has no validity until it has passed into the hands of a third party for value. Second Nat. Bank v. Howe, 40 Minn. 390, 42 N. W. 200, 12 Am. St. 744. While still in the hands of the one accommodated, the maker may show want of consideration; that is, as between the maker and holder it is always an available defense to show that the note was made for the sole purpose of accommodating the holder. This proves also want of consideration, because the two are inseparably connected. National Citizens Bank v. Bowen, 109 Minn. 473, 124 N. W. 241. For the purpose of showing the relation of the parties to a negotiable instrument to each other, oral testimony is permitted; for instance, it may be shown as between two makers that one is a surety for the other, or as between payee and maker that the note was made for the accommodation of the payee. Second Nat. Bank v. Howe, supra; Pray v. Rhodes, 42 Minn. 93, 43 N. W. 838; Conrad v. Clarke, 106

Minn. 430, 119 N. W. 214, 482. It has also been held that it may be shown by parol that a party to a written instrument is the agent or representative of another. Wm. Lindeke Land Co. v. Levy, 76 Minn. 364, 79 N. W. 314.

But we may also take the view that this note was made for the accommodation of plaintiff, for the only interest he had in the transaction was to assist his client Fischman, and to accommodate plaintiff in carrying out his client's desires the note was made.

Of course, if it should appear that plaintiff had a personal interest of his own in the transaction, so that the note was not made for his accommodation in furthering the design of Fischman, the defense would fail, and the authorities cited by respondent would be in point.

In our opinion the answer stated a defense, and defendant should have been permitted to introduce his evidence to sustain the same.

Order reversed.