# J. C. VAN CAPPELLAN v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

July 3, 1914.

Nos. 18,644—(182).

**Statute of frauds — promise to pay not within statute.**

1. To effect and bring about the settlement of litigation pending against it, defendant promised and agreed to pay to plaintiff in that litigation a definite sum of money as compensation for injuries suffered by him by reason of the negligence of defendant, and in addition thereto promised and agreed to pay to the physician who had treated the injuries a specified amount; the settlement was completed by the payment to plaintiff in the action the amount agreed upon, and he released and satisfied the cause of action. It is *held* that the promise to pay the physician was based upon a consideration *moving to defendant*, namely, the release and satisfaction of the pending litigation, was an original undertaking, and not invalid under the statute of frauds because not in writing.

**Evidence — parol evidence of promise not contradiction of release.**

2. The written release signed by the plaintiff in the litigation, to which the physician was not a party, *held* not to affect his rights under the promise to pay his claim, and that parol evidence of such promise did not contradict or vary the effect of the release.

**Evidence.**

3. Evidence *held* to support the verdict and that the record presents no reversible error.

Action in the municipal court of Stillwater to recover $350 for professional services rendered to Walter Palmersten while in the employ of defendant. From the judgment in favor of plaintiff, defendant appealed to the district court for Washington county where the appeal was heard before Stolberg, J., who denied defendant's motion to dismiss the action and its motion for a directed verdict, and a jury which returned a verdict for $366.33 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 148 N. W. 104.

*Richard L. Kennedy* and *George W. Peterson,* for appellant.
*Thomas R. Kane,* for respondent.

BROWN, C. J.

One Palmersten was injured while in the employ of the defendant, and on May 3, 1912, brought suit to recover therefor, alleging that the injuries were caused by the negligence of the company. The action was brought in the Federal court for the district of Minnesota, and plaintiff recovered a verdict for the sum of $100. The verdict was returned June 17, 1912. Plaintiff thereafter moved for a new trial for insufficiency of damages and the motion was denied on December 26, 1912. A stay of proceedings was granted to enable plaintiff to perfect an appeal to the circuit court of appeals. Before the expiration of this stay the parties effected a settlement of the action, the amount agreed upon as compensation of Palmersten's injuries was paid him and he signed a release and satisfaction of his claim. Subsequent to the commencement of the action in Federal court plaintiff, a physician, was called upon and treated Palmersten for his injuries and charged for his services the sum of $350. This action was brought by the physician to recover that amount from defendant on the claim that the company, as a part of the settlement with Palmersten, promised and agreed to pay the same. Defendant answered in the action expressly denying this promise. At the trial below plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The questions presented, and upon which defendant mainly relies for reversal, are: (1) Whether the evidence supports the verdict; (2) whether the promise to pay plaintiff's claim against Palmersten was within the statute of frauds in that it was a promise in parol to pay the debt of another; and (3) whether the promise, since it was not made a part of the written release between defendant and Palmersten, could be shown by parol evidence.

We have examined the record in reference to the other assignments of error and discover therefrom no sufficient reason for ordering a new trial. It is true that some of the evidence claimed to have been erroneously admitted was collateral to the main issue in the case,

but there was no abuse of discretion in admitting it. Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554. We come then to the principal questions above stated.

1. The state of the evidence will not justify us in holding that it is clearly and palpably against the verdict. It was, upon the issue of the alleged promise to pay plaintiff's claim, pointedly conflicting. Palmersten and plaintiff affirmed without reservation that the promise was made as a part of the settlement, and the attorney for defendant, who effected the settlement, with equal explicitness denied the agreement, and testified that all he promised to do was to present plaintiff's claim to his superior officers for consideration; that he so presented it, and payment was refused. In this state of the evidence we have no right to interfere, since the trial court has approved the verdict. 2 Dunnell, Minn. Dig. § 7157; Olson v. Johnson, 84 Minn. 366, 87 N. W. 937; Ohlson v. Manderfeld, 28 Minn. 390, 10 N. W. 418. A reading of the evidence, however, impresses us that there was a misunderstanding between the parties, and that defendant's attorney correctly stated, when called as a witness, the extent to which he intended to promise a payment of the plaintiff's claim. Yet we have no right to act upon this theory of the case, or to substitute our view of the facts for that of the jury and trial court. Brown v. Kohout, 61 Minn. 113, 63 N. W. 248.

2. Was the promise within the statute of frauds, and void because not in writing? The question must be answered in the negative. Palmersten had a claim against the defendant for a large sum of money. He brought suit to recover thereon, and at the time of the settlement here involved the suit was still pending and undetermined on Palmersten's motion for a new trial. The object and purpose of both parties, at the time in question, was to settle and adjust that claim, end the litigation, and secure a dismissal of the suit. To bring about that result defendant, by the facts found by the jury, promised to pay to Palmersten the sum of $300, and to the plaintiff, Palmersten's physician, who had treated him for the injury involved in the litigation, the sum of $350. In consideration of this promise and agreement Palmersten released and settled his claim against the company and the action came to an end. Upon this state of the facts,

which we must accept as established by the verdict, the conclusion necessarily follows that the defendant's promise to pay was an original and not a collateral undertaking. The consideration for the promise was the settlement and release of Palmersten's claim against the company, and the company received that consideration by the release signed by Palmersten. There was therefore a direct consideration for the promise and it was not within the statute of frauds. Crane v. Wheeler, 48 Minn. 207, 50 N. W. 1033; Sheldon v. Butler, 24 Minn. 513; Oldenburg v. Dorsey, 102 Md. 172, 62 Atl. 576, 5 Ann. Cas. 841; Southern Ry. Co. v. Hazlewood, 45 Ind. App. 478, 88 N. E. 636; Howell v. Harvey, 65 W. Va. 310, 64 S. E. 249, 22 L.R.A.(N.S.) 1077, and note. The case of Bean v. Lamprey, 82 Minn. 320, 84 N. W. 1016, cited and relied upon by defendant, is not at variance with this conclusion. That case, like the one at bar, involved a promise to pay the claim of a physician for services rendered to a third person. It was held on the evidence there presented that the promise was collateral and within the statute of frauds. But in the course of the opinion Chief Justice Start clearly stated the rule applicable to facts like those here presented. He there said:

"Hence the plaintiff, unless there was a promise by the defendant, based upon a new consideration personal to him, to pay the claim, was bound to show a promise by the defendant, in writing, to assume and pay the debt, in order to maintain this action. The plaintiff claims that a promise based upon such a consideration was shown on the trial. If this be so, it would follow that the promise would be an original one, and not within the statute of frauds. The specific contention of the plaintiff on this question is that a former action was pending against the defendant to recover the claim here in suit, and that the defendant promised that if that action was dismissed, and the time of payment extended, he would pay the claim, and that the action was dismissed, and the time of payment extended. If the evidence supports this contention, the statute of frauds is eliminated from the case. Hodgins v. Heaney, 15 Minn. 142 (185); Nichols, Shepard & Co. v. Allen, 22 Minn. 283; Sheldon v. Butler, 24 Minn. 513."

This statement covers the case at bar. We here have the pendency of the former action, the agreement to settle and dismiss the same, on the faith of defendant's promise to pay Palmersten the sum of $300, and the plaintiff's claim for medical services rendered to plaintiff in the treatment of his injuries, which were the subject-matter of that action. Though the plaintiff's claim was not involved in the other action, the services made the basis thereof having been rendered after its commencement, it could have been included therein had a new trial been granted, and there was, therefore, a contingent liability on the part of defendant. But this is not perhaps of controlling importance. The case is determined by the fact that by defendant's promise to pay the claim it secured a settlement of the Palmersten litigation and a dismissal of that action, thereby securing directly to itself a consideration for the promise. This, under the authorities, is an original promise, not affected by the statute of frauds. 20 Cyc. 188.

3. It is further contended that parol evidence was inadmissible to show the alleged promise because the effect thereof was to vary and contradict the written release signed by Palmersten, which contained no mention of the plaintiff's claim. The contention is not sustained. The settlement of the litigation and the promise to pay plaintiff occurred during the forenoon of February 21, 1913. It was the result of a conference between plaintiff, Palmersten and the attorney of the company. The result of this conference was the agreement referred to. Subsequently, and in the afternoon of the same day, Palmersten presented to the company a formal written receipt or release of his cause of action and the company paid him the sum of $300. The document was in the usual form of such releases and acknowledged the receipt of the money in full payment and discharge of all claims against the company growing out of the injuries involved in the action. Plaintiff was not present at the time of its presentation to defendant, nor was he consulted with respect to its form or contents.

If the document is to be construed as something more than an ordinary receipt, and not open to explanation by parol, we are clear that it cannot be held to conclude the plaintiff, who was not a party

to its execution or delivery. 1 Dunnell, Minn. Dig. § 3396. The settlement and the promise of defendant to pay as alleged was in parol and fully completed at the conclusion of the conference between the parties. By that settlement defendant became legally liable to Palmersten for $300, and to plaintiff in the sum of $350. The liability so created was separate and distinct, to be discharged only by a release or satisfaction signed by each. The liability to plaintiff became finally and definitely fixed when payment was made to Palmersten and he executed the release of his cause of action. That act in no way involved the rights of plaintiff. It only confirmed defendant's liability under the promise and it was not necessary to embody the promise in the release. Such promise was wholly independent of Palmersten's claim and was properly shown by parol, and this, even though the release be construed as a contract, not open to explanation by parol. Backus v. Sternberg, 59 Minn. 403, 61 N. W. 335; 1 Dunnell, Minn. Dig. § 3391, et seq.; Barnett v. Pratt, 37 Neb. 349, 55 N. W. 1050; Chapin v. Dobson, 78 N. Y. 75, 34 Am. Rep. 512. If at the conclusion of the settlement the terms thereof had been put in writing and no reference made to plaintiff's claim, no doubt the writing would have been conclusive. But that was not done. On the contrary the settlement rested wholly in parol and the release signed by Palmersten simply operated as an acknowledgment of satisfaction so far as he was concerned. Clearly Palmersten and the company had no right subsequent to the agreement to enter into a contract barring plaintiff's vested right, founded upon the valid promise of defendant to pay his claim.

This covers all that need be said and results in an affirmance of the order appealed from.

Order affirmed.