## BOYD STATE BANK v. E. T. DODGE.[1]

May 1, 1925.

No. 24,566.

**When oral testimony that promissory note was accommodation note is admissible.**

In an action upon a promissory note, brought by the payee, therein named, against the maker, where it is alleged in the answer that the note was made and delivered as an accommodation note, oral testimony that it was so executed does not vary or contradict the written contract within the rule excluding parol evidence. *Held* that the answer stated a defense.

    1.  Bills and Notes, 8 C. J. p. 918, § 1204; Evidence, 22 C. J. p. 1164, § 1559.

Action in the district court for Hennepin county upon two promissory notes. The case was tried before Kolliner, J., who directed a verdict in favor of plaintiff. Plaintiff appealed from an order granting a new trial. Affirmed.

*Elias Rachie, C. A. Fosnes & John C. Haave,* for appellant.

*Ludwig O. Solem,* for respondent.

QUINN, J.

Action to recover upon two promissory notes, given by the defendant to the plaintiff on September 17, 1921, in the aggregate amount of $3,223.40, payable on demand, with interest. As a defense thereto defendant alleges in his answer that, on July 23, 1921, he was indebted to the plaintiff upon two certain promissory notes, and that on that day he was adjudged a bankrupt in the United States district court; that plaintiff was listed as one of his creditors, and was duly notified thereof; that on August 19, 1922, defendant was discharged in bankruptcy from all his debts and liabilities owing on July 23, 1921. He further alleges, in his answer, that the promissory notes, described in the complaint, were executed by him without consideration and at the instance of plaintiff as accommodation

[1]Reported in 203 N. W. 604.

notes for the benefit of the plaintiff. He admits that payment was demanded upon the notes and refused.

At the trial a jury was duly impanelled. The notes were offered in evidence, received without objection, then plaintiff rested. Defendant called Mr. Flaa for cross-examination under the statute. Plaintiff objected to the introduction of any evidence on the ground that the answer does not state a defense. The trial court, after considerable discussion, directed a verdict in favor of the plaintiff and, subsequently, upon motion of the defendant, ordered a new trial. From the order granting a new trial, plaintiff appealed.

The answer is sufficient to allow the defendant to offer testimony as to whether the notes in question were given as accommodation paper. Such evidence does not come within the meaning of the parol evidence rule to vary or contradict a written instrument. National Citizens Bank v. Bowen, 109 Minn. 473, 124 N. W. 241. If, in fact, the notes were given as accommodation paper, the maker thereof had a right to withdraw them at any time he chose while they were in the hands of the original payee. Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111. Under such circumstances there would seem to be no good reason why the character of the paper might not be inquired into in an action brought by the original payee against the maker thereof. The rule announced in the Bowen case, supra, applies. Under that rule, it must follow that, if the notes sued upon were in renewal of former notes, then they were not given as accommodation paper. It is claimed by defendant that he did not sign and deliver the note with the intention or for the purpose, expressed or otherwise, to recognize or save the barred debt. His claim is, in substance, that the note was requested and given for the sole purpose of permitting plaintiff to use it as an apparent asset whereby to give the bank a spurious financial worth. If that is the case, and again it is a question of fact, the note was solely for plaintiff's accommodation; there was no consideration and consequently no liability.

If defendant's claim is true, he is not trying to use parol evidence to vary the terms of the note but to show that there is, in truth, no note at all—no contract—because the agreement which purports to

be a note and contract is not supported by the necessary consideration. If there was no intention or purpose to revive the old debt, there was no consideration. The evidence to show the absence of such intention or purpose was admissible to show lack of consideration, a course always permissible between the original parties to a note.

The trial court was correct in its final conclusion that defendant should have been permitted to offer his testimony.

Affirmed.