## SHERMAN V. ELDER *et al.*

1. INDORSEMENT: ACCOMMODATION: DEFENSE. That an indorsement of a promissory note was made for the accommodation of the plaintiff, and without consideration, may be shown as a defense in an action between the parties.
2. CONTRACT. Contract in writing construed.

*Appeal from Johnson District Court.*

THURSDAY, DECEMBER 12.

*Clarke & Davis* and *Clark & Bro.*, for the appellants, contended, that while it is true that an endorsement on a bill or note, like the note itself, imports a consideration, it is equally well settled by the authorities, that as between the original parties, or where the note has been endorsed after dishonor, or when the holder takes the note or bill with notice of the facts impeaching its validity, or with sufficient information to put him upon his inquiry, the want of consideration or other invalidity may be shown. Edward on Bills & Notes, 310–319; *Holliday* v. *Atkinson*, 3 Barn., 501; *Small* v. *Smith*, 1 Denio, 583; *Cone* v. *Baldwin*, 12 Pick., 545; *Hall* v. *Hale*, 8 Conn., 336; *Ramsey* v. *Leek*, 5 Wend., 20; Chitty on Bills (ed. 1856) 79, and the authorities there cited; *Barker* v. *Prentiss*, 6 Mass., 430; *Herrick* v. *Casman*, 10 John., 224; 4 Halst, (N. J.,) 145; that in such cases the burden of allegation and proof lies upon the defendant, *Pinkerton* v. *Bailey*, 8 Wend., 600; Chitt. on Bills, 79; Edwards on Bills, 311; that accommodation indorsers are never liable on a note or bill to the person for whose accommodation the endorsement was made. Edwards on Bills & Notes, 316; Chitt. on Bills, 81, 82, 333.

*Edmonds & Ransom*, for the appellee.

The first special plea alleges that defendants endorsed the note with the understanding that they should not be held

as indorsees, but merely as agents of the plaintiff, and to enable plaintiff to collect the money. This is insufficient. *Mease* v. *Mease*, Cowp. R., 47; Chitt. on Bills. 35, 228; The rule is well established, that when the defense is want of consideration, the defendant, whether he be the maker or indorser, must show affirmatively, under what circumstances the indorsement was made, and for what purpose the instrument was to be used—that is, he must show facts from which it may appear that there was *no* consideration. *Mills* v. *Oddis*, 20 Mees. & Ros., Ex. R., 103; *Finder* v. *Smedly*, 3 Adolp. & Ellis, 522; *Stoughton* v. *Kilmorey*, 3 Comp. Mees. & Ros., 72, *Graham* v. *Pitman*, Ib., 521; 5 M. & W., 37; *Lome* v. *Chifney*, 1 Sed., 95; *Reynolds* v. *Windey*, 3 Dowl., 453; 1 Bing., N. C., 267; *Bramch* v. *Roberts*, Ib., 469; *French* v. *Archer*, 3 Dow., 130.

LOWE, C. J.—This action is founded upon a note executed by Robert R. Elder, to J. H. Gower, Bro. & Co., or bearer, for $2,500, and endorsed by them to plaintiff, dated April 24th, 1856, and payable in one year. The defense set up by Elder, was usury, upon which no question arises. Besides a general denial, Gower, Bro. & Co., plead several special defenses, the substance of which may be stated as follows, viz:

*First*, That the note was given for money loaned by plaintiff, through the endorsers as his agent, and that they as such negotiated said loan to Elder, securing no consideration for so doing; and that it was understood and agreed at the time that if the said Gower, Bro. & Co. would endorse that the plaintiff would look alone to Elder for payment.

*Second* and *Third*, That they were accommodation endorsers, and that they had put their names upon the note for the benefit of plaintiff, and without any consideration secured by them.

The *Fourth* was a new or an amended plea in the nature of accord and satisfaction.

A demurrer to these special pleas was sustained by the court below, from which order this appeal now comes. The assignment under which this ruling is asked to be revised is in the following words: "The court erred in sustaining the demurrer to the *new matter* set up in the answer of J. H. Gower, Bro. & Co." In considering this case at our last term, we supposed we were limited in our examination to the new or fourth special plea, and hence gave no attention whatever to the second and third special pleas, and only very briefly and superficially alluded to the first, because its sufficiency was assailed and defended at some length in the argument of counsel, and not because it necessarily fell within the scope and language of the assignment. But we are reminded in the petition for a rehearing, that this assignment was intended to be as broad as a demurrer, and to cover the ruling of the court upon all the special pleas. We are satisfied upon reflection that it is susceptible of this extended meaning, and, therefore, proceed to state simply the conclusion to which we have come in our opinion upon the sufficiency of each of the pleas.

The first is badly and inartificially drawn, setting up a defense duplex in its form; that is to say, alleging facts which in substance show a want of consideration, and also facts which show that a contract had been entered into contemporaneously, with the making of the endorsement, by which the plaintiff or endorsee agreed to look alone to the maker of the note for its payment, and not to the endorsers. This latter defense, we again say, is too clearly inadmissible and inconsistent with the nature and legal effect of an endorsment to need confirmation by a reference to authority. Still it does not necessarily vitiate the plea. We are inclined to think the plea substantially good without it, and that it should be regarded as redundant matter to be excluded upon a motion to strike, &c.

We have already indicated the character of the second and third special pleas, and have no doubt of their sufficiency both as to form and substance. Edwards on Bills and Notes, 310, 312, 314–5; Chitty on Bills, 79, 80–81; Story on Promissory Notes, § 190.

The defendants, J. H. Gower, Bro. & Co., set up in their fourth special plea, that they had received a conveyance of certain lands from Elder as collateral security for their endorsment of his note to plaintiff, and that they had afterwards re-conveyed said land to the plaintiff, who had received the same in full satisfaction of their liability as endorsers on said note, as would appear from a receipt attached marked "Exhibit A," in the following words:

"Received of James H. Gower, two deeds of land, executed by Robert R. Elder, one for the security of twenty-five hundred dollars loaned him by J. H. Gower, Bro. & Co. for me, and the other for the security of twelve hundred and fifty dollars loaned him by J. H. Gower, Bro. & Co., for George Van Alt, both loans made on the 24th day of April, 1856. Received also deeds for some land executed to me and Van Alt by James H. Gower.

E. SHERMAN.

Iowa City, Jan. 25th, 1858."

The above exhibit is made a part of the plea, and we are required, under the demurrer drawing in question the sufficiency of the same, to give to it a judicial construction, and to determine whether the facts stated therein show, that the defendants were discharged from their liability as endorsers by the conveyance specified. We can draw no such necessary inference from the language of the receipt, it may or may not have been so. The object of this second conveyance is not stated. For all that we can tell, it may have been for the same purpose that the conveyance from Elder to Gower, Bro. & Co. was executed; that of collateral security for their liability as endorsers. In short we think

tho plea too defective to be upheld, and we have the less hesitation in so declaring, as the decision below must be reversed for other reasons already stated; and the defendants will then have an opportunity if shey desire to do so, to reform this last plea, so as to avail themselves of the defence.

The judgment is reversed and the cause remanded.

Reversed.