Larned v. Ogilby.

---

## LARNED v. OGILBY.

1. **Promissory note:** DEFENSE: RELEASE OF INDORSER. When in an action by the indorser and holder of a promissory note the alleged *consideration* of indorsement was the release of another indorser, the fact that the defendant was an accomodation indorser for the plaintiff, and had no knowledge of the release of the indorser, is a sufficient defense.

*Appeal from Dubuque District Court.*

TUESDAY, JUNE 12.

ACTION by indorsee and holder against an indorser of a negotiable promissory note. Verdict and judgment for defendant, and the plaintiff appeals.

*Bissell & Shiras* for the appellant.

*D. E. Lyon* for the appellee.

COLE, J. — One J. Woolnough made a promissory note to L. W. Jackson or order, which was indorsed in blank by Jackson and one Brandon. Plaintiff let Woolnough have the money on the note. Afterwards, and when the note was about half matured, and in the hands of the plaintiff, the defendant, Joseph Ogilby, indorsed it. At the maturity of the note it was not paid, and was protested. Notice of non-payment, &c., seems to have been duly given to all the parties. Shortly after that, a new note precisely like the first, save in its date, was made by Woolnough to Jackson, and indorsed by Jackson and the defendant Ogilby, but not by Brandon. This note was not paid, but was protested, and due notice then given to the defendant and the other parties.

The defendant claims, and as a witness on the trial testifies, that he indorsed the first note without any consideration, and as an accommodation indorser for the plaintiff, and to enable the plaintiff (as he stated) to negotiate or collect the same through the bank, and that he indorsed the last note also without consideration, and for plaintiff's accommodation, and that he did not know either, that the first note *was* indorsed by Brandon, or that the last *was not.*

*Marginal note: 1. PROMISSORY NOTE: defense: release of indorser.*

The plaintiff claims, and as a witness on the trial testifies, that defendant was not an accommodation indorser for him; but that Woolnough desired to borrow five hundred dollars more of him, which he agreed to, and did let Woolnough have, upon his getting the defendant to indorse the note for that sum, and also to indorse the first note. And that the consideration to the defendant for his indorsement of the last note was the extension of time of payment, and the release of Brandon as indorser. Notwithstanding this conflict of testimony, each party produces evidence of independent facts and circumstances, more or less corroborative of their respective statements.

The court gave very extended instructions to the jury, and the appellant's objections are based mainly, if not entirely, upon one feature given in the instructions asked by defendant, and added as a modification of the plaintiff's instructions. That feature is as to the consideration for defendant's indorsement of the last note. The court instructed the jury, that the release of Brandon as indorser would constitute a sufficient consideration to render defendant's indorsement binding: "Provided, that Larned had good reason to suppose that Ogilby understood that he was incurring a new liability in consideration of the release of Brandon or the extension of time."

There was no error, under the circumstances of this case, in giving and modifying the instructions so as to embrace the rule as given. If Ogilby was an accommodation indorser for plaintiff, he ought not to be held liable to him simply because the plaintiff omitted Brandon's indorsement without Ogilby's knowledge. It might, perhaps, be sufficient for Ogilby to show that he did not know of the omission, in order to prove that it found no consideration for his indorsement. But when he proves that fact, and thus is required, as by the instruction, to show that the plaintiff had good reason to suppose that he did not know

it, he has certainly placed himself beyond the range of liability on that ground.

If the jury had adopted the plaintiff's theory of the case, this instruction would have no bearing and could not have misled them. But adopting, as they did, the defendant's theory, it was certainly as liberal to the plaintiff as the law would justify.

Affirmed.