[No. 1106.   Decided March 13, 1894.]

## W. C. WEEKS, *Respondent*, v. VIRGINIA BUSSELL, *Appellant*.

NEGOTIABLE INSTRUMENTS — ACCOMMODATION PAPER — INSTRUCTIONS.

In an action upon a promissory note against two makers thereof, where the issue made by one is that she executed the note without a consideration as an accommodation maker and for the sole purpose of enabling plaintiff to borrow money thereon for his own use and benefit, a charge to the jury to find for plaintiff if there was a consideration moving to either one of the makers is erroneous.

*Appeal from Superior Court, King County.*

*Benson & Morris*, for appellant.

*Wilshire & De Steiguer*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—Respondent brought this action at law against appellant and against one E. L. Gustin, and recovered a judgment against both for the amount claimed in the complaint.    Defendant Gustin failed to appear in the case and her default was duly entered.    She does not join in this appeal.    The action was brought on a promissory note executed by appellant and said Gustin, which was drawn in favor of, and was delivered to, respondent.    Respondent's complaint is in the usual form, and sets out the note in full.    The answer of the appellant alleges that she executed and delivered the promissory note aforesaid as an accommodation note to the plaintiff, and without consideration; that she so executed and delivered the said note for the sole purpose of enabling the plaintiff to borrow money thereon for his own use and benefit, and for no other purpose whatever.

The court, among other things, instructed the jury as follows:

"The court further instructs you that, if you find there was a consideration moving to E. L. Gustin for the giving of this note, or to this defendant who is defending here, Mrs. Bussell, you will find for the plaintiff; or if you find there was a consideration moving to only one, Mrs. Gustin, if you find she was indebted to the plaintiff for goods sold and delivered, as plaintiff claims in this case, it is immaterial whether the defendant Bussell also was indebted for those goods.    The question is, was there a consideration moving to the defendants, or either of them, for the execution and delivery of this note.    If there was, find a verdict for the plaintiff."

This instruction was duly excepted to by the defendant, Virginia Bussell, and is alleged here, among other things, as error.    This instruction was so manifestly erroneous that discussion seems to be almost superfluous.    The main question at issue, so far as the defense of appellant was concerned, was whether or not she was an accommodation endorser.    There was competent testimony introduced which tended at least to show that her endorsement was an endorsement of that character only, and the jury had a right to pass upon the credibility of this testimony, but such right was taken from the jury, and the testimony excluded from their consideration by the instruction of the court, that they should find for the plaintiff if they found that there was a consideration moving only to Mrs. Gustin.

It is argued by the respondent that a surety could never be bound if the appellant could not be bound in this case. But the difference between a surety and an accommodation endorser, where the action is brought by the original payee, is so marked and distinct that the citation of authorities to distinguish them, it seems to us, is unnecessary.    The court plainly took from the consideration of the jury a legal defense which the appellant in this action had a right to

make, and which would have been a complete defense to the action had it been true.    Whether or not it was true, it was the province of the jury to decide.

The instruction being erroneous, the case will be reversed and remanded for a new trial. ·

STILES, SCOTT and ANDERS, JJ., concur.

HOYT, J. (*dissenting*). — In my opinion, the undisputed proofs showed that appellant executed the note as a joint maker for value, and not as an accommodation to the payee, and that the court committed no error in giving the instruction complained of.