### NATIONAL CITIZENS BANK OF MANKATO v. D. T. BOWEN.[1]

January 14, 1910.

Nos. 16,352, 16,353—(165, 166).

**Misconduct of Counsel.**

Order granting a new trial on the ground of misconduct of counsel *held* not an abuse of discretion.

**Accommodation Note — Parol Evidence to Vary Writing.**

The defense that a promissory note was made and delivered as an accommodation to the payee is inseparably connected with the absence or want of

[1]Reported in 124 N. W. 241.

consideration, and evidence that it was so executed does not vary or contradict the written contract, within the rule excluding parol evidence which has that effect, but tends only to establish the fact, always open to inquiry between the parties, that the note was without consideration.

### Repudiation by Principal of Agent's Unauthorized Act.

The general rule that a principal cannot repudiate in part an unauthorized contract of his agent applied.

### No Recovery by Payee on Accommodation Note.

Where one of two or more joint makers of a promissory note signs the same as an accommodation to the payee and without consideration, the payee cannot recover thereon, even though there was a consideration as to the other makers.

### Judgment Non Obstante.

The rule laid down in Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958, limiting the right to judgment notwithstanding the verdict, followed and applied.

Action in the district court for Blue Earth county to recover $2,000 on a promissory note executed by M. E. Babcock and D. T. Bowen. Defendant Bowen alone answered and alleged that the note was without consideration; that he signed it solely as an accommodation for plaintiff bank and its managing officer, W. G. Hoerr, for the purpose of having the note appear upon the books of the bank in the regular form and course of business, and with the express agreement between plaintiff bank and Hoerr that the note should not become operative or be considered by the plaintiff bank as a note to be paid by defendant Bowen; that pursuant to an oral agreement between the plaintiff bank, Hoerr and Babcock, certain timber land belonging to Babcock was conveyed to the answering defendant in trust for the plaintiff bank and Hoerr; that at the request of plaintiff and Hoerr defendant deeded a part of the land to the plaintiff and performed his trust, and plaintiff bank and Hoerr have been and now are the owners of the land and have cut timber thereon to the value of $4,000.

The case was tried before Pfau, J., and a jury which rendered a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict was denied and its alternative motion

for a new trial was granted. From the order denying its motion for judgment, plaintiff appealed, and from the order granting a new trial, defendant appealed. Affirmed.

John H. Eckhardt and S. B. Wilson, for plaintiff.

C. J. Laurisch and A. R. Pfau, Jr., for defendant.

BROWN, J.

Action upon the joint promissory note of defendants Babcock and Bowen. Defendant Bowen alone answered, setting up the defense, among other things, that he signed the note as an accommodation maker at the instance and request of the payee therein, plaintiff in this action, without consideration, to enable plaintiff to make use of the same as a bankable asset, and for no other purpose whatever. A verdict was returned for defendant on the trial below sustaining this defense. Whereupon plaintiff moved for judgment notwithstanding the verdict or for a new trial. The trial court denied the motion for judgment, but granted a new trial. Both parties appealed. Defendant's appeal will be first disposed of.

1. Plaintiff's motion for a new trial was based upon the grounds (1) of errors in law occurring at the trial and duly excepted to, (2) that the verdict was not justified by the evidence, and (3) misconduct of defendant's counsel in his argument before the jury. The court below assigned no reason for granting the new trial, either in the order or a memorandum, and, though the verdict seems clearly against the weight of the evidence, we cannot assume that the court granted the new trial upon that ground. Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888; Berg v. Olson, 88 Minn. 392, 93 N. W. 309.

We must therefore look to the other grounds of the motion to ascertain whether the record will sustain the order for the reasons therein assigned. We discover no reversible errors in law, and the only remaining ground of the motion is misconduct of counsel. As no errors in law are urged in support of the order, and as none appear from the record, we must assume that the trial court granted the motion upon this ground of misconduct, and we dispose of defendant's appeal accordingly. Upon this question it is thoroughly

settled that a new trial upon the ground stated is addressed to the sound discretion of the trial court, to be interfered with only where the discretion is abused. Jung v. Theo. Hamm Brewing Co., 95 Minn. 367, 104 N. W. 233. While, as in the case just cited, we discover no sufficient reason for a severe criticism or censure of counsel in the remarks made by him in the argument before the jury, the question whether what was said was prejudicial was peculiarly for the trial court to determine, and, following that decision, we hold the order in the case at bar not an abuse of discretion.

2. The principal contention of plaintiff on its appeal is that as practically all the testimony offered by defendant to establish the defense that the note was given as an accommodation to the bank was inadmissible, because its effect was to vary and contradict by parol the terms of the note, and also the terms of the contract between Bowen and Babcock, by which Babcock turned over to Bowen certain security to indemnify him from loss possibly to follow, the court should have ignored it and granted plaintiff's motion for an instructed verdict.

We do not concur in this view of the case. We, of course, are not to be understood as questioning the elementary proposition that written contracts cannot be varied or contradicted by parol evidence; but that rule has no application to a question of the character of that here presented, viz., whether a promissory note was made and delivered to the payee as an accommodation to him, and not as a valid, binding obligation. The defense that a promissory note was made as an accommodation to the payee is inseparably connected with the absence or want of a consideration. If there was a valuable consideration moving between the maker and the payee, the claim of accommodation could have no possible foundation to rest upon. So that testimony to the effect that it was given as an accommodation does not, strictly speaking, contradict the terms of the note, within the rule excluding parol evidence on that subject, but only establishes the fact, always admissible between the parties, that the note was without consideration. And, though there may be some conflict upon the question in the adjudicated cases, the prevailing rule admits evidence for this purpose. 1 Enc. L. & P. 494,

and cases cited; Pray v. Rhodes, 42 Minn. 93, 43 N. W. 838; Second Nat. Bank v. Howe, 40 Minn. 391, 42 N. W. 200, 12 Am. Rep. 744; Conrad v. Clarke, 106 Minn. 430, 119 N. W. 214, 482. The contract between Bowen and Babcock, by which the latter turned over to the former certain securities in consideration of his signature, is not conclusive that Bowen was not an accommodation maker. 1 Enc. L. & P. 488.

3. The agreement, if any was made, that defendant should sign the note as an accommodation, to enable the bank to exhibit it to the bank examiner as an asset, was made with plaintiff's manager, one Hoerr, who was in general charge and control of the bank. It is insisted that Hoerr had no authority to enter into such an agreement, and, even if made, it is not binding upon the bank. This position is not sound. Hoerr was the agent of plaintiff, and in general charge of its affairs. Second Nat. Bank v. Howe, supra. The matter was within the scope of his agency, the agreement did not impose an obligation upon his principal at variance with its banking interests, and his act, even if unauthorized, cannot be repudiated in part. Albitz v. Minneapolis & Pac. Ry. Co., 40 Minn. 476, 42 N. W. 394; German Nat. Bank v. First Nat. Bank, 59 Neb. 7, 80 N. W. 48; Aultman Co. v. McDonough, 110 Wis. 263, 85 N. W. 980; 2 Enc. L. & P. 862, and cases cited. Nor is it important that the purpose of securing the signature of defendant was not to enable the bank to obtain credit upon the note. If the object was to enable the bank to use the note for any purpose, it was as much an accommodation note as though made to enable it to obtain pecuniary credit thereon; the execution thereof being for the special purpose, and without consideration to defendant.

4. It is also urged that, as the trial court instructed the jury that if there was any consideration for the note running to either of the defendants, plaintiff was entitled to a verdict, and judgment notwithstanding the verdict should now be entered, for the reason that it is undisputed that a valuable consideration was paid to Babcock.

We do not construe the instructions of the court in the light contended for by plaintiff. Taken as a whole, the court intended the

jury to understand that if defendant Bowen received no consideration, and signed the note solely for the accommodation of the bank, he was entitled to their verdict, even though a full consideration passed to his co-maker Babcock. While the instructions were not so clear and explicit on this subject as they might have been made, the view indicated is evidently what the court intended the jury to understand. Otherwise there would have been no alternative but a directed verdict for plaintiff, for, as suggested, there was no question but that Babcock received full consideration for the note. As we construe the instructions, the correct rule of law was adopted by the trial court. Where one of two or more joint makers of a promissory note signs the same as an accommodation to the payee, and without consideration moving to him, the payee cannot recover thereon, although there was a consideration as to the other makers. Weeks v. Bussell, 8 Wash. 440, 36 Pac. 265; Parker v. Lewis, 39 Tex. 394; Kulenkamp v. Groff, 71 Mich. 675, 40 N. W. 57, 1 L. R. A. 594, 15 Am. St. 283.

5. Upon the general question whether on the evidence presented plaintiff should have had a directed verdict, little need be said. Though we are impressed from the record that the defense that the note was signed by Bowen as an accommodation to the bank is an afterthought, and that in truth he occupied the position of surety, yet under the rule of Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958, we are not warranted in directing judgment notwithstanding the verdict, and we remand the question for further consideration by the court below.

Order affirmed on both appeals.