S. A. HOYT, Appellee, v. L. E. GRIGGS; O. M. HOBBS, Appellee, and EDITH C. PARK, EXECUTRIX OF THE ESTATE OF D. H. PARK, DECEASED, Appellant.

**Appeal:** FINDINGS OF FACT: CONCLUSIVENESS. The findings of fact by
1    the court in a law action when supported by the evidence are not reviewable on appeal.

**Negotiable instruments:** SURETY: EVIDENCE. Where a note does not
2    disclose the fact that the liability of one of the signers was that of surety that question must be determined by other evidence, either

as between the principal and sureties or as between the sureties themselves. In the instant case the evidence is held to show that the liability of one signer was secondary to that of the other.

Same: CO-SURETIES: AGREEMENTS AS TO LIABILITY. It is competent for the signers of a negotiable instrument to agree between themselves that one shall be primarily liable and the other liable secondarily.

Same: ASSIGNMENT: PRESUMPTION AS TO TITLE. Where the only controversy in a suit upon a promissory note by the assignee arose between the sureties over their relative liability, and the note was introduced by plaintiff without objection or question as to his right to recover, and the principal debtor made no defense, the circumstances were presumptively sufficient to show the assignment.

Same: TAXATION OF ATTORNEY'S FEE. There is no statutory authority for the allowance of attorney's fees upon a promissory note by the supreme court, and a motion to that effect will be overruled where the plaintiff failed to file the statutory affidavit in the district court.

*Appeal from Carroll District Court.*—Hon. M. E. Hutchinson, Judge.

Saturday, April 11, 1914.

Action at law upon a promissory note against two defendants as signers thereof, and against the executrix of a third signer. The case was tried to the court without a jury. There was a judgment for plaintiff against all the defendants. It was also found by the court, and such finding was incorporated in the judgment, that the signer Griggs was the principal maker, and that the two other signers were sureties, and that as between such two sureties, Park was primarily liable and Hobbs only secondarily liable. Park, having died before the trial, was represented by the executrix of his estate, who has appealed from the judgment below.

*Chas. C. Helmer,* for appellant, Park.

*M. A. Hoyt,* for appellee, Hoyt.

*Brown McCrary,* for appellee, Hobbs.

Evans,. J.—There was no defense to the note by any defendant as against the plaintiff. It was agreed also that Griggs was the principal debtor. Hobbs filed an answer, and cross-bill, wherein he averred, in substance, that he signed the note under an agreement with Park and the other parties thereto that his liability as surety should be secondary to that of Park. The material issue in the case was made upon this averment. No oral evidence was introduced. The death of Park precluded evidence by the parties to the suit of personal transactions with him. Certain circumstances and writings were relied upon solely in support of the allegation, and the trial court found them sufficient to sustain the cross-petition of Hobbs. Briefly stated, the circumstances shown were as follows: The note sued on was as follows: "Carroll, Carroll County, Iowa. September 14, 1910. $350.00. On September 14, 1911, after date we promise to pay M. A. Hoyt or order three hundred and fifty and 0-100 dollars for value received *in renewal of note No.. 3625* for us with interest at the rate of eight per cent. per annum. . . . L. E. Griggs. O. M. Hobbs. D. H. Park. P. O. Carroll & Lake City, Iowa." "Note No. 3625," which is referred to in the note above set forth, was a previous note for a like amount which had fallen due on July 1, 1910, and which had been executed by Griggs and Park as payors to Hobbs as payee. Hobbs had transferred the note to M. A. Hoyt, with a guaranty of payment. It is conceded that this note, which appears in this record as Exhibit B, was the consideration for the note in suit. It was further made to appear that Hobbs signed the note in suit about November 28, 1910, in pursuance of the following written request by Park: "Dear Sir: Mr. Hoyt will give Griggs a year's time on that note so I think by that time he can pay it as I will have a lot of work for him & will get it out of him. So please sign the note with him & then I will sign it and send you the old note, and oblige, D. H. Park. Carroll, Iowa, Nov. 28, 1910."

The action is at law and the findings of fact by the

trial court are not subject to review if supported by evidence.

We think the circumstances referred to fur-

1. APPEAL: findings of fact: conclusiveness.

nish sufficient support to the finding of fact; such finding being warranted as a fair inference from such circumstances.

It is clear that the liability of Hobbs as a guarantor on the first note was secondary to that of Park. This fact does not determine the relative liability of Hobbs on the note in

2. NEGOTIABLE INSTRUMENTS: suretyship: evidence.

suit, but it is an important circumstance as bearing upon the question of fact put in issue by the pleadings. We think, also, that the clear implication of the written request from Park to Hobbs was that Park would protect Hobbs. The argument for appellant is that the liability of Hobbs is to be determined under the second note, and not under the first. It was stipulated upon the trial that the second note was executed in settlement and satisfaction of the first. Stress is laid by the appellant upon the form of this stipulation as being something more than a mere renewal. We do not deem the distinction decisive of this case. As a legal proposition, it is true that the liability of Hobbs must be determined under the terms of the note in suit. The question of fact is still subject to inquiry as to whether Hobbs was liable as principal or surety, and, if as surety, whether he was necessarily a co-surety with Park.

The question of suretyship is not ascertained or determined by the terms of the note but may be inquired into notwithstanding the silence of the note thereon. This rule is elementary, and it is unnecessary to cite authorities thereto.

It is conceded in this case that both parties were sureties. It does not necessarily follow that sureties for the same obligation are co-sureties. It was competent for Park to agree that

3. SAME: cosureties: agreement as to liability.

he would be primarily liable as between him and Hobbs. 32 Cyc. 14-18; *Sponhaur v. Maloy*, 21 Ind. App. 287 (52 N. E. 245). The case, therefore, turns upon this question of fact. As already

indicated, we think the findings of the trial court are sufficiently supported.

II. It is urged by appellant that there was no proof of the assignment of the note by the payee thereof to the present plaintiff. There was a general denial contained in the answer of the appellant. At the trial no controversy was made as to the right of the plaintiff to recover as against all the defendants. No defense was made by the principal defendant. No formal evidence was offered of the ownership of the note by the plaintiff. The record discloses various colloquies between the court and counsel on the trial, all of which implied that the only question in the case was that between the two sureties, which we have considered in the foregoing division. The attention of the court was in no manner directed to any defect of title in the plaintiff. The payee of the note appeared in the case as attorney for the plaintiff. The note was introduced in evidence as that of the plaintiff without objection. The principal debtor has not appealed, nor did the appellant serve a notice of her appeal upon him. The plaintiff was in court with the original note in her possession. A written assignment was not essential to a transfer of title. We think the facts thus appearing upon the record were presumptively sufficient, and that the point here made is not available to the appellant.

4. SAME: assignment: presumption as to title.

III. The plaintiff as appellee files a motion for the allowance of attorney's fees in this court. If such motion were otherwise permissible, it does not appear that the plaintiff's rights have been in any manner jeopardized by this appeal, unless it be in the contention that her title was not proved. Her motion asks that the attorney's fees be taxed in favor of the attorney for the appellee, Hobbs, who also has appeared for the plaintiff, Hoyt. It may be added that there is no statutory authority for the taxation of attorney's fees in this court upon a promissory note. The plaintiff would have been

5. SAME: taxation of attorney's fees.

entitled to their taxation in the district court under the terms of the note if she had filed the statutory affidavit. She failed to do so, and for that reason no taxation was made in her favor there. The motion for taxation here will be overruled.

IV. In view of our conclusion upon the merits of the case, we need not consider appellee's motion to dismiss the appeal. The judgment below will be—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.