STATE SAVINGS BANK OF WODEN, Appellant, v. OTTO MARK-
WORTH, Appellee.

**BILLS AND NOTES:** Accommodation Maker—Liability. An accom-
modation maker is not liable to the party accommodated.

**BILLS AND NOTES:** Accommodation Maker—Parol Evidence. Parol
evidence is admissible on the issue whether a promissory note is ac-
commodation paper.

Headnote 1:  8 C. J. p. 259.   Headnote 2:  22 C. J. p. 1164.

Headnote 1:  3 R. C. L. 1137.   Headnote 2:  3 R. C. L. 1139.

*Appeal from Hancock District Court.—M. H. KEPLER, Judge.*

MARCH 15, 1927.

This is an action to recover on a promissory note. From a
decree in favor of defendant plaintiff appeals.—*Affirmed.*

*Thompson, Loth & Lowe,* for appellant.

*V. S. White,* for appellee.

ALBERT, J.—In the early part of the year 1921, Lundgren
Bros. were indebted to appellant in various amounts, partly se-
cured by chattel mortgages, and other indebtedness unsecured.
Some of these obligations were due; and they
wanted to borrow more money from the bank.
The bank refused to extend further credit to
them without a signer on the note with them. They informed
the bank that they could not or would not ask anyone to sign
notes with them. The cashier suggested that possibly someone
would be willing to sign with them, and asked whether they had
any objections to his procuring a signer to the note. They then
executed the note in controversy for $500, and the two brothers,
as individuals, signed the same. This note was then left with
the cashier of the bank. Later, Markworth, who was a patron
of the bank, called, and the cashier asked him to sign this note
with the Lundgren Bros. He refused, but later did sign the note,
as he claims, "as an accommodation to the bank."

*[margin note: 1. BILLS AND NOTES: accommodation maker: liability.]*

This gives rise to his defense in the case, wherein he pleads that he signed without consideration, and for the accommodation of appellant. It seems to be an elementary principle of law that the maker of an accommodation note is not liable thereon to the party accommodated. *Sherman v. Elder*, 12 Iowa 433; *Larned v. Ogilby*, 20 Iowa 410; *First Nat. Bank v. Holley*, 200 Iowa 938; 8 Corpus Juris 259.

It is a conceded fact in the case that this note was accommodation paper. The dispute arises over whether the signature of Markworth was for the accommodation of Lundgren Bros. or for the bank. Of course, if the signature was only for the accommodation of Lundgren Bros., then the defense made by Markworth must fail.

Turning to the evidence in the case, after a careful consideration thereof, the burden of proof being upon appellee to sustain his defense, we are quite satisfied with the ruling of the district court that he has successfully carried this burden. His defense did not rest upon his own testimony alone, but is corroborated by other evidence in the record. The substance of his testimony is that Swingen, the cashier, told him that "I would never have to pay it, and he would take my name off of it whenever I asked him to. 'Just to show good in the bank,' he claimed. He said it was just to help the bank, and he would take my name off of it whenever I wanted him to." Swingen, cashier, testifies:

"I told him I wanted him to sign as security for the boys, so the notes would be passed by the directors and the bank examiners, and also so we could furnish the boys a little new money. They needed it, in order to operate their farm." (Lundgrens were furnished $83 in new money.)

Under this record, the only conclusion to be reached is that the bank was the accommodated party, and hence cannot recover herein. See *Woodbury v. Glick*, 151 Iowa 648; *Smouse v. Waterloo Sav. Bank*, 198 Iowa 306.

It is insisted that some of the statements made by the cashier to appellee were not admissible, because violative of the parol-evidence rule. We have held in such cases that, where the question is whether or not the note is an accommodation note for the benefit of the plaintiff suing thereon, this evidence is admissible. *Preston v.*

2. BILLS AND NOTES: accommodation maker: parol evidence.

*Gould*, 64 Iowa 44; *Hoyt v. Griggs*, 164 Iowa 672; *First Nat. Bank v. Holley*, supra; *National Citizens Bank v. Bowen*, 109 Minn. 473 (124 N. W. 241). This, of course, is an exception to the general parol-evidence rule as to contradicting or varying the terms of a written contract.

We are satisfied from a review of the entire record that the ruling of the district court is right.—*Affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.