C. B. Pennington, Appellee, v. Marius Nelson, Appellant.

No. 39909.

October 22, 1929.

*Prichard & Prichard*, for appellant.

*Jepson, Struble & Sifford,* for appellee.

Kindig, J.—In July, 1921, the plaintiff-appellee and the defendant-appellant, together with eight other men, organized

a copartnership at Castana, Iowa, for the purpose of "buying and selling notes, bonds, mortgages, and other securities." These copartners were officers and directors of the Farmers Trust & Savings Bank in said town. Therefore, the reason for entering into the partnership venture was to relieve the bank of questionable, and make provision for excessive, loans. Written articles of copartnership were entered into by the parties aforesaid. Of this document, Article Four reads as follows:

"The capital of the partnership shall be twenty thousand ($20,000) dollars to be contributed by said partners in equal shares * * *."

There being ten members of the partnership, each, under the written agreement, was to pay $2,000 into the firm at its inception. Appellant did not have the ready funds with which to do this, and because thereof, appellee advanced to the firm the $2,000 for and on behalf of the appellant. Hence, in order to accomplish the necessary loan, appellant, on the day the partnership was organized (July 1, 1921), executed the note upon which suit is here brought. After the appellant introduced his evidence and rested, the trial court directed a verdict for appellee, upon his motion. Attention will now be directed to the errors assigned.

I. Contention is made by appellant that the note was given for an accommodation, and therefore the appellee cannot recover thereon. Authority for this claim is based upon *First Nat. Bank of Mt. Pleasant v. Holley*, 200 Iowa 938, and *State Sav. Bank of Woden v. Markworth*, 203 Iowa 461. The accommodation, if any, was not for appellee, but another.

Manifestly, appellant misconstrues our holdings in these cases. Statements in those decisions, so far as material, are that the "maker of an accommodation note is not liable thereon to the party accommodated." Plainly, it was not said in either the *Woden* or the *Mt. Pleasant* case that a person who, for a legal consideration, buys from the one accommodated such paper is unable to sue the maker thereof. On the other hand, the very aim in executing an accommodation instrument is that it shall be sold for value, in order to make it possible for the party accommodated to obtain its worth in money. *Smouse v. Waterloo*

*Sav. Bank,* 198 Iowa 306. Section 9489 of the 1924 Code provides:

"* * * Such a person [accommodation party] is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

So, assuming at this juncture that appellant executed the note in question, as he insists, for accommodation (we hereinafter find that he did not), nevertheless, according to the record, appellee paid the full value for the instrument; and even though he is not a holder in due course, within the Negotiable Instrument Law (a point which we do not decide), yet he obtained sufficient title, under the circumstances, to maintain this suit, for in no event was the appellee the accommodated party.

II. Concession may be made for the moment that appellant, while a witness, on direct examination declared that the note was given for accommodation. Still the testifier, on cross-examination, clearly indicates that there was no accommodation, but rather, a consideration for the instrument accrued directly to the maker. Expressing the thought, in another way, the money was furnished by appellee to appellant, not as an accommodation, but rather, as a part of an independent business venture, which contemplated financial gain. The discussion made by appellant, therefore, concerning his being an accommodation maker is irrelevant and immaterial.

As suggested, the written promise to pay was not executed directly for, or delivered to, the bank; but rather, this commercial paper was made and given by appellant to appellee because the latter paid $2,000 for the former to the partnership aforesaid, which was a firm contemplating profits, as outlined in the written contract forming the basis for such organization. Undoubted substantiation for this conclusion can be found in appellant's cross-examination, during which he said:

"Q. Did you sign [the partnership agreement] before or after you signed the note? A. At the same time. Q. You think you are a member of that partnership now, do you not? A. Yes. Q. Did you ever pay anything in the partnership? A. No. Q. You were to pay $2,000, were you not? A. Yes.

Q. You never paid it? A. No. Q. Who paid it for you, do you know? A. Pennington [the appellee], I suppose. Q. Pennington [the appellee] paid the $2,000 [for appellant] that went into this partnership, didn't he, Mr. Nelson [appellant]? A. I think so. Q. Isn't the note of $2,000 to pay Mr. Pennington [appellee] back for the $2,000 [the amount advanced the partnership by appellee for the appellant]? A. Yes. Q. Have you ever paid it back to him? A. No."

Obviously, appellant did not have the money with which to satisfy his portion of said partnership fund, and consequently it was necessary for him to borrow the money so to do. Doubtless the note was given to appellee for that purpose, and resultantly the instrument was allowed to remain with appellee because he advanced the money for appellant. Admission of this is made by appellant when he says: "The note of $2,000" was "to pay Mr. Pennington [appellee] back for the $2,000" thus furnished.

Necessarily, then, appellant was not an accommodation maker, but rather, he executed the note in suit for a good and valid consideration: to wit, the appellee's payment of $2,000 to the partnership, as above described.

III. Complaint is further made that, under the facts presented, the court erred in not submitting the cause to the jury. Basis for this argument is predicated upon appellant's answer  and the evidence adduced in support thereof. Briefly stated, appellant further pleaded that: First, the note was given to the bank for the purpose of replacing certain paper necessary to be removed from its assets; second, all directors were to sign the same, and that there would be no liability on appellant; and third, other notes were to be removed from the bank for the use of the appellant, but that he received none of them, nor has he at any time obtained the proceeds of the same. To prove the foregoing allegations, appellant alone testified. Only partial support is found in the evidence for the averments contained in the answer. Throughout his cross-examination, appellant repudiates his former declaration that the note was for the accommodation of the bank, and thereby fails to support his defense in that regard. This part of the evidence distinctly reveals that the instrument was for the purposes of the partner-

ship, rather than the accommodation of any persons or institutions. Likewise, it is manifest that the $2,000 represented by this note was to be provided by appellant alone. Each other director, as required by the partnership agreement, supplied a like amount. But one signature was intended upon the note at issue, and that was appellant's. Any notes which were withdrawn from the bank were for the purposes of the partnership, as distinguished from appellant, and the protection and compensation, if any, were to be afforded appellant through the partnership, rather than directly from the bank. All this clearly appears from the articles of copartnership, when considered in conjunction with appellant's cross-examination.

IV. Embraced within appellant's answer is the defense that the note was executed with the name of the payee blank, and that appellee's name was inserted therein without appellant's authority.

It is here recalled that the appellant testified that the "note of $2,000" was "to pay Mr. Pennington [appellee] back for the $2,000" advanced by him to the partnership for and on be- half of appellant at the same time the firm agreement was signed. Apparently the note was given to appellee, rather than the partnership or the bank. However that may be, appellant assigns no error upon his appeal relating to this subject-matter. At the trial below, appellant made a motion for a directed verdict, and in stating the grounds thereof, he omitted any reference to the note's containing said blank and appellee's name's being wrongfully placed therein as payee. Neither having relied upon this proposition in the court below, so far as his own motion for a directed verdict is concerned, nor presented it here to affect the trial court's ruling on appellee's motion for a directed verdict, the appellant cannot now ask us to consider it with reference to either motion.

Wherefore, under these undisputed facts relating to the points above discussed, the court was duly warranted in directing a verdict for appellee.

The judgment of the district court is affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, FAVILLE, and GRIMM, JJ., concur.