GRANT COUNTY STATE BANK, BY A. J. VEIGEL, v. W. A. SCHULTZ AND OTHERS.[1]

No. 27,445.

December 6, 1929.

[1]Reported in 228 N. W. 150.

D. F. *Nordstrom* and *Will A. Blanchard*, for appellant.
*Murphy & Johanson* and *F. C. Anderson*, for respondents.

HOLT, J.

Plaintiff appeals from the order denying his motion in the alternative for judgment non obstante or a new trial.

The suit is upon a promissory note for $6,000, made August 21, 1923, by defendants, payable November 21, 1923, to Grant County State Bank of Herman, now, and since November 10, 1926, in the hands of plaintiff, the commissioner of banks, for liquidation. The defense was that there was no consideration for the note. The verdict so found, and in our opinion that finding is amply sustained.

Plaintiff's proof showed that the note, of which the one in suit is a renewal, was given to take up a demand note of like amount executed by Herman Produce Company, a partnership composed of S. S. Landt and H. A. Landt, that note representing an overdraft of the firm on December 29, 1922. It appears that the two Landts were also the principal owners of the stock in the Herman-Casselton Creamery Company, a corporation, a customer of the bank. Defendants each had from one to three shares in the creamery company, plaintiff's claim being that one of the Landts brought in defendants' note and therewith took up the demand note of the produce company. If the jury had accepted that version of the transaction the defense of no consideration would have failed. On the other hand, the testimony of defendants was that the officers of the bank prevailed on them to give the first note for the accommodation of the bank solely; that no consideration passed to any one of defendants or to any other party; that there was no talk about any overdrawn account with the bank of either the creamery company or the produce company; that the note of the produce company was never mentioned and none of defendants had any knowledge thereof.

It may also be noted that the produce company's note was among the bank's papers when the commissioner of banks took over the institution, although not carried on the books as an asset.

But plaintiff relies on the doctrine of estoppel as stated and applied in German-Am. F. Corp. v. Merchants & M. State Bank, 177 Minn. 529, 225 N. W. 891, decided after the order here appealed from was filed. In that case the court found not only that the note involved was given for a valuable consideration (in settlement of a disputed claim) and was an asset of the bank, but also that the bank and the makers of the note entered into a secret contract affecting the note's collaterals and its due date, and the makers were estopped from asserting a cause of action based upon the secret agreement as against the commissioner of banks representing the creditors of the then insolvent bank.

The court in the case at bar charged the jury that the verdict should be for plaintiff even though defendants had proved that there was no consideration for the note, if defendants gave the note "for the purpose of having it exhibited to the bank examiner and deceiving him or misleading him." This goes quite as far as the rule in the case above cited. The bank officer who seems to have had the most to do with procuring or inducing defendants to execute the note was not a witness. Only one officer of the bank testified, and he did not claim that the note was given or taken for the purpose of exhibiting it to the bank examiner or deceiving him. So the claim of estoppel as a matter of law must rest entirely upon a statement found in the testimony of defendants, that the officers in soliciting the note said in substance the bank would have to have a note to satisfy the examiner or he would close the bank. This is far from saying that it was placed in the hands of the bank for the purpose of deception. It may have been obtained upon the advice or with the knowledge of the examiner to tide the bank over a temporary stringency, or for any legitimate purpose to which a bank may take and devote accommodation paper. Tasker's Estate, 182 Pa. 122, 37 A. 924. We are of the opinion that the statements of the bank officers, as above testified to by defendants, do not show

as a matter of law that the latter gave the note for the purpose of exhibiting it to or of deceiving the bank examiner. Two of defendants were ordinary farmers and one a carpenter. Their business experience was limited, and it was for the jury to determine whether they could infer from what the officers of the bank said that the note would be used for any other than a lawful purpose.

In another aspect of this record we think plaintiff was not entitled to a directed verdict. In the reply brief appellant strongly commends to our consideration as sustaining his position the case of Vallely v. Devaney, 49 N. D. 1107, 1116, 194 N. W. 903, 906. In that case the court says:

"Where a note or other obligation is given to a bank with the avowed object of its appearing as assets for purposes of public examination, those who purport to be liable upon the obligation are estopped, as against creditors who would be prejudicially affected by the truth, to assert a secret understanding that they were not to be held liable. Where the action is brought by the receiver of an insolvent bank with which such an arrangement is claimed to exist, the other assets not being sufficient to satisfy the claims of creditors, the rule is applicable with all its force."

From the record in this case it cannot be said as a matter of law either that there are "creditors who would be prejudicially affected by the truth" or that the other assets of the bank are not sufficient to satisfy the claims of creditors.

The record does however disclose facts militating against holding an estoppel here as a matter of law. The note in suit was due November 21, 1923. None of defendants were ever requested to pay it or any interest thereon. They were not asked to renew it. Almost three years elapsed thereafter before plaintiff took over the bank. In the meantime many examinations of the bank by state officials had taken place. If this overdue note was in the assets it would be apparent to any examiner that it was not good banking to carry a note so long overdue as a legitimate asset. The examiner who made the last examination before plaintiff took over the bank reported the note to be "a fake renewal note." Assuming

that there were creditors, they like the bank examiners were put on guard after the note became long overdue as to its character. The one who claims an estoppel has the burden of proving it. 21 C. J. § 267, p. 1250; Stammers v. Larson, 142 Minn. 240, 171 N. W. 809. And to claim estoppel as a matter of law the proof must be conclusive. We think it is not so here. Plaintiff is really not in a position to invoke it because of the absence of a showing that assets of the bank in his hands, other than this note, are insufficient to satisfy the claims of creditors; and also there is no showing that he represents creditors prejudicially affected if defendants be permitted to prove the truth.

The order is affirmed.

STONE, J. took no part.

UPON APPLICATION FOR REARGUMENT.

On December 20, 1929, the following opinion was filed:

PER CURIAM.

The statement in the opinion that the original note of defendants was given to take up a demand note of like amount given by the Herman Produce Company, a partnership, for an overdraft of the partnership is claimed to be erroneous in saying it was an overdraft of the partnership instead of the corporation, the Herman-Casselton Creamery Company.

The original note, of which the one in suit was a renewal, was given about February 23, 1923. An officer of the bank testified that that original note replaced the partnership note and that the latter was given for an overdraft, without stating whose overdraft. The partnership note bears date December 29, 1922. The next day the books of the bank showed an overdraft of the creamery company of $6,233.42 and three deposits, one being in the sum of $6,000. A deposit slip of the creamery company was introduced, dated December 29, 1922, and under the item checks was the number 6,000. Whether this evidence warrants the conclusion that the partnership note represented an overdraft of the partnership or an overdraft of

the creamery company may be debatable. But had the jury found either to be true the original note as well as the one in suit could not have been an accommodation note. So if the statement be erroneous, as appellant contends, it could not alter the result.

The petition for rehearing is denied.

[1]Reported in 228 N. W. 154.