## CITIZENS STATE BANK OF FRANKLIN v. HERMAN VOHS.[1]

November 27, 1931.

No. 28,503.

[1]Reported in 239 N. W. 249.

*Daly & Barnard* and *Robert Beach Henton,* for appellant.
*Pfaender & Glotzbach,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying its alternative motion for judgment non obstante or a new trial.

Plaintiff owned a farm and personal property thereon consisting of farm machinery, grain, and live stock. It leased the farm to defendant's son. Plaintiff sues to collect defendant's note for $1,000, which was a part of the $3,000 consideration for which the plaintiff sold the personal property to defendant's son.

Defendant claimed in his answer that the note was given for the accommodation of the plaintiff only; and he also pleaded a written contract by the terms of which the son was to have permission to sell a portion of the said personal property and apply 50 per cent thereof on defendant's $1,000 note and 50 per cent thereof on a $2,000 note given by the son. Defendant claims that the son did sell such portion of said personal property, that he realized $2,000, which was turned in to the plaintiff, and that by the terms of said written agreement defendant's note was paid from this source.

The two claims so made by defendant were submitted to the jury, and defendant was given a verdict.

Both notes were secured by chattel mortgage.

Since there must be a new trial for the reasons hereinafter stated, we have no occasion to discuss the evidence relative to the claim of payment. It may be that defendant is entitled to prevail upon that ground, but in our view of the other question an error was made in submitting it to the jury necessitating a new trial.

The important question in the case relates to defendant's claim that the note was given for the accommodation of the bank only. His testimony is that the cashier of the bank so described the note. Defendant went with his son to look at the personal property and concluded that it was worth $3,000. Defendant testified that the cashier told him that they would sell the property to the son for $3,000, but that the bank could not take the son's note for more than $2,000, and that they wanted defendant to give his note to the bank for $1,000, which would be for the accommodation of the bank, and it would be held only until the crops came in. The plan was closed on this basis, and in connection therewith the son gave his father, the defendant, his note for $1,000.

Was defendant's note given for the accommodation of the bank? What was said about it by the cashier is not controlling. His designation of the note as an accommodation to the bank only cannot change its legal aspects, ingredients, or consequences. It is sometimes said that the leopard's spots cannot be changed. Here the facts involved are undisputed. They speak for themselves. A conclusion therefrom is a question of law.

An accommodation party is one who signs the instrument without receiving value therefor and for the purpose of lending his name to some other person. G. S. 1923 (2 Mason, 1927) § 7072. Of course the bank gave a consideration for the note. It was a part of the purchase price of the personal property, but did defendant receive any value for the note which he gave to the bank? He did. He received the son's note for a like amount. He really traded his own note for his son's note, which may have been of less value. He does not however claim that he was giving his note for the accommodation of the son. His claim is that the note was for the accommodation of the bank only. There is no explanation in the record as to how the note was for the accommodation of the bank. It cannot be said that it accommodated the bank simply because it enabled the bank to sell $1,000 worth of personal property. Such a transaction is not included in the statutory language "for the purpose of lending his name to some other person."

Had the defendant claimed that he gave this note for the accommodation of his son and took the son's note as well as the benefits of the chattel mortgage to protect him from loss, he might have brought himself within the purview of the statute as an accommodation maker for the benefit of the son. But that is not his claim. We are of the opinion that upon the facts we must hold as a matter of law that defendant was not a maker for the accommodation of the bank. The case does not come within the holding of such cases as National Citizens Bank v. Bowen, 109 Minn. 473, 124 N. W. 241; Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111; State Bank v. Pangerl, 139 Minn. 19, 165 N. W. 479; Grant County State Bank v. Schultz, 178 Minn. 556, 228 N. W. 150; Andresen v. Kaercher (C. C. A.) 38 F. (2d) 462. In these cases the evidence disclosed a particular purpose or use in which the note was to serve as an accommodation to the bank. The mere fact that the bank was anxious and glad to dispose of the property cannot make the note an accommodation note for the accommodation of the bank.

Reversed and a new trial is granted.

